## Commonwealth v. Shue

*Charles W. Eaby, A. E. Burkholder* and *Paul A. Mueller*, for Commonwealth.

*Robert Ruppin* and *Eugene G. Schuberth*, for defendant.

ATLEE, P. J., January 27, 1936.—The defendant, Arthur Shue, was indicted for the offense of fraudulent conversion as defined in the Act of May 18, 1917, P. L. 241, sec. 1, 18 PS §2486. The indictment reads as follows: "The said Arthur Shue, having received and having in his possession Three Hundred and Fifty ($350.00) Dollars, belonging to Lancaster County Egg Auction, and which the said Lancaster County Egg Auction was entitled to receive and have, did unlawfully and fraudulently withhold, convert and apply the said money to and for his own use and benefit."

The Commonwealth's evidence as to material points involved in this case in brief was as follows: Harry L. Stauffer testified that he resides in New Holland, Lancaster County; that he has been running an "egg auction and most anything in livestock that belongs to it". The business is run under the name of "The Lancaster County Egg Auction". The business of the concern is to gather up eggs, which are candled, graded, and sold on commission. Stauffer testified that he knew the defendant Arthur Shue and prior to February 4, 1935, had been

doing business with Shue. On February 4, 1935, Shue called Stauffer on the phone, Stauffer said he recognized his voice, and Shue wanted $350 wired to his bank to buy eggs which eggs were to come to Stauffer's place by six o'clock to be sold. Stauffer was to get his money back out of the proceeds of the sale of the eggs. Thereupon a clerk of Stauffer's went to the bank in New Holland at which Stauffer transacted his business, and, at the direction of Stauffer, wired $350 to Shue. Stauffer gave check no. 14,900. The original check has been lost but the check stub was produced and Stauffer testified that the money was actually sent. On cross-examination Stauffer testified that this transaction was the last of a series of transactions that Stauffer and Shue had had together. Stauffer said that Shue was buying eggs for himself. At any rate Stauffer never got the eggs and never got return of the money.

Upon the conclusion of the Commonwealth's testimony the defense offered no witnesses, but offered in evidence three items, namely settlement sheets, statement, and a receipt. The defense then rested. The verdict of the jury was "guilty".

The defendant by his counsel has filed reasons for a new trial, on which the court has granted a rule to show cause why a new trial should not be allowed, and also has filed a motion in arrest of judgment, on which the court has granted a rule to show cause why judgment should not be arrested.

All of the reasons contained in these two applications, for the purpose of the two rules now pending, may be divided into two classes: (1) The offense proved did not amount to fraudulent conversion; (2) if any offense was committed it was not committed in Lancaster County but in York County, the cashier of the New Holland Bank having testified that he wired the money to Shue in York County.

As to the first class of reasons, namely, that no fraudulent conversion was committed, the trial court charged

the jury with care and read to the jury the definition of the offense as set forth in the act of assembly defining and creating that offense. The court told the jury, as to whatever arrangement existed between Stauffer and Shue, that the testimony in regard to such arrangement was oral testimony and therefore it was for the jury to find as a fact what the arrangement was and what the terms of it were. The jury was plainly told that "if the sum of $350 was advanced by Stauffer to Shue for the specific purpose of purchasing eggs which were to come to Stauffer, and, that if the jury so believed beyond a reasonable doubt, then the jury could find the defendant guilty. On the other hand if you have any reasonable doubt about it, or believe that this money was advanced by Stauffer to Shue on an open account, then he would not be guilty of fraudulent conversion. The facts of this case are before you. You will reach the conclusion. The responsibility is yours."

It appears to the court in banc, in passing upon the reasons for new trial which allege that the offense of fraudulent conversion was not proven, that the jury in convicting the defendant has disposed of the question in thus finding as a fact that the offense was committed.

The second class of reasons, which allege that the defendant could not be convicted because the offense of fraudulent conversion if committed at all was not committed in Lancaster County, raise a question purely of law, for determination by the court. Charles S. Zwally testified that he was cashier of the Farmers National Bank & Trust Company of New Holland, Lancaster County; that on February 4, 1935, Stauffer's Lancaster County Egg Auction gave the bank a check for $350 to wire $350 to Shue and that the bank wired the money to Shue. From other evidence it would appear that Shue was in York County at the time he got the money which was wired to him. This fact is admitted by counsel for the defendant in their brief.

In the case of Commonwealth v. Sexton et al., 107 Pa. Superior Ct. 69, 71, the Superior Court said in regard to this question:

"The law on this subject is well stated in Wharton on Criminal Law (11th Ed.) Vol. 2, par. 1287, under the title, 'Embezzlement, jurisdiction,' as follows: 'The remarks heretofore made as to continuous takings, apply with peculiar force to embezzlements, which, until detected, may spread over an extended duration of time, and occupy several jurisdictions. The defendant may be tried in any county where any part of the embezzlement was committed, or where, upon being called upon to account, he disowned having received the money,' citing R. v. Murdock, 2 Den. C. C. 298, 8 Engl. L. & Eq. 577; R. v. Hobson, R. & R. 56; R. v. Taylor, 3 B. & P. 596; Larkins v. People, 61 Barbour, 226. To the same effect is Commonwealth v. Altland, 29 Dist. Rep. 335."

In cases where offenses have been committed by using the mails, or telegraph lines, the courts uniformly have held that the court of the county where a letter was mailed or the court of the county where the letter was received may have jurisdiction of an offense committed by means of that letter; where an offense has been committed by telegraph, the prosecution may be begun in either the jurisdiction from which the telegram was sent or the jurisdiction in which the telegram was received. In the present case Shue telephoned Stauffer at New Holland and Stauffer turned over the money to Shue in Lancaster County because a bank in Lancaster County wired the money to Shue. The jury has found as a fact that the offense of fraudulent conversion was committed. As has been said before, that question was to be determined by a jury.

In the opinion of the court the statement of the law as contained in the case of Commonwealth v. Sexton et al., supra, is sufficient to indicate whether the offense was committed in Lancaster County or in York County. According to the testimony of Stauffer the transaction with

Shue was to be closed the day the telephone message was received, namely, February 4, 1935, and the eggs were to be delivered to Stauffer by six o'clock of that day. Therefore it seems unnecessary for the court to attempt to ascertain on what particular day, or at what particular time, the offense was committed. The place where the person who committed the crime was at the time is not necessarily the place where, in contemplation of law, the crime was committed: 8 R. C. L. 98, sec. 58. In the opinion of the court the offense was complete when Stauffer turned over to the cashier of the bank in New Holland the sum of $350 and upon the telegraphing of that money to Shue. Upon receipt of the money from Stauffer the bank became Shue's agent.

Upon careful consideration of the record in this case and of the comprehensive briefs filed by counsel for both sides, the court discharges the rule to show cause why judgment should not be arrested and also discharges the rule to show cause why a new trial should not be granted.

From George Ross Eshleman, Lancaster.