**Commonwealth v. Hartley**

*Paul M. Eyster,* Assistant District Attorney, and *George J. Joseph,* District Attorney, for Commonwealth.

*Robert H. Jordan,* for defendant.

WIEAND, J., February 25, 1969.—On January 12, 1968, Viola Hartley was indicted for the crime of larceny by bailee. She was tried before the court without a jury and was found guilty. Motions in arrest of judgment and for a new trial were then filed and are presently before the court en banc for determination.[1]

The subject of the alleged larceny was a 1965 Mustang automobile owned by Hartley's Inc., a closely held corporation. Viola Hartley was the wife of Donald Hartley, the president of the corporation, and had authority to make full use of the Mustang for her personal purposes. The owner's card was kept in the car so that any member of Hartley's household[2] could use the car as and when convenience dictated. On January 10, 1967, without advance warning, Viola Hartley packed her belongings and left the marital domicile, taking with her the company's 1965 Mustang. Since that date she has resided in Hazleton, Luzerne County, and has operated a hairdressing business at Skytop, Monroe County. The car has never been returned. Viola Hartley has steadfastly, and perhaps childishly, resisted all demands for the return of the car. She has continued her refusal despite arrest on the instant charge and despite replevin actions brought against her in several counties. The State registration of the vehicle expired; and, therefore, by the time of trial,

defendant had been unable to operate the same for some time. Nevertheless, she remained adamant, even at the time of trial, in her refusal to return it to its rightful owner.

The crime of larceny by bailee is defined by The Penal Code of June 24, 1939, P. L. 872, sec. 816, 18 PS §4816, as follows:

"Whoever, being a bailee of any property, fraudulently takes or converts the same to his own use, or to the use of any other person except the owner thereof, or wilfully fails to return the same to the owner in accordance with the terms of the agreement between the bailee and the owner thereof . . . is guilty of larceny, a felony . . ."

If defendant took the Mustang and deprived the owner of its right of property therein, or its use and possession thereof, without the owner's consent and without justification, she converted the same: Gottesfeld v. Mechanics and Traders Insurance Company, 196 Pa. Superior Ct. 109, 115. In such event, she is not to be absolved merely because her conduct was prompted by marital discord or by the fact that it was her husband who was the president of the corporate owner.

Defendant's sole argument is that the evidence fails to show a conversion of the vehicle in Lehigh County. Consequently, it is contended, this court lacks jurisdiction. Although this issue was not raised at the time of trial, we deem it sufficiently basic to warrant consideration at this time.

As a general rule, a court has jurisdiction of an offense only if it is committed in the county where the case is tried: Commonwealth v. Mull, 316 Pa. 424, 426; Commonwealth v. Tarsnane, 170 Pa. Superior Ct. 265, 267; Commonwealth v. Wojdakowski, 161 Pa. Superior Ct. 250, 257. Crimes involving the conversion of goods or moneys, such as embezzlement, fraud-

ulent conversion and larceny by bailee, however, may be continuing in nature and may readily extend into areas covering many jurisdictions before the same is detected or the converter apprehended. In such cases, it has been held that defendant may be tried in any county where any part of the crime was committed, or where, upon being called to account, he disowned having received the goods or money: Commonwealth v. Sexton, 107 Pa. Superior Ct. 69. This latter principle applies even if the conversion was entirely completed elsewhere: Commonwealth v. Hancock, 1 D. & C. 2d 363, 377.

In the instant case, the car was initially removed from Lehigh County. The Commonwealth did not contend that the original taking constituted a conversion, however, for, at that time, defendant's authority to use the car was unlimited. Subsequent to the separation, defendant received further authority to retain possession of the car and make use of it for her own purposes. Still later, but prior to the date of the indictment, the owner's consent to defendant's use of the vehicle was revoked, and a demand was made for the car's return. The corporate owner's place of business was in Lehigh County, and it was there that the Mustang should have been returned. An action in replevin was commenced in Lehigh County in October 1967, and defendant caused an answer to be filed by which she denied the owner's right to possession and refused to return the car. The evidence reveals defendant had no interest in the Mustang automobile and that there was no justification for her refusal to return the same. The whereabouts of the vehicle following the demand for its return, if known to the owner, did not appear. However, the crime was not committed exclusively in the county where the car was located. It was defendant's willful refusal to return the vehicle upon demand, after the owner's consent to her con-

tinued possession thereof had been revoked, which effected a conversion and constituted a violation of the statute. Such a refusal occurred in Lehigh County. It was in Lehigh County where the vehicle was to be returned and was not. It was in Lehigh County where a formal demand for return of the Mustang was made and where defendant refused to do so and denied the owner's right thereto. Under these circumstances, we are of the opinion that this court had jurisdiction to try defendant on the charge brought against her. To require that defendant be tried only in the county in which the vehicle can be found is to make prosecution dependent upon the Commonwealth's ability to find the converted property.

## ORDER

And now, February 25, 1969, it is ordered that defendant's motions in arrest of judgment and for a new trial be and the same are hereby denied, and defendant is directed to appear for sentencing on March 11, 1969, at 9:30 a.m., in Courtroom No. 1.

[1] Koch, P. J., was absent and did not participate in the decision of this case.

[2] The Hartley household consisted of Viola Hartley, Donald Hartley and the latter's son by a prior marriage.