The State v. Igo.

THE STATE v. IGO, *Appellant.*

DIVISION TWO.

**Criminal Practice:** VENUE: INSTRUCTION. Where, on a trial for a criminal offense, the evidence of the crime and the venue are wholly circumstantial and meager, the failure of the court to instruct the jury to acquit, unless they found the crime was committed in the county charged in the indictment, will constitute reversible error

*Appeal from Pettis Criminal Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED AND REMANDED.

*W. D. Steele* and *Sangree & Lamm* for appellant.

One of the material averments of the indictment was the venue. This was neither submitted to the jury by any declaration of law, nor is it shown by the evidence, and, on either ground, the error was fatal. *State v. West*, 69 Mo. 401; *State v. McGinniss*, 74 Mo. 245, and cases cited; Kelley's Cr. Law & Prac., sec. 130, p. 73; *State v. Burns*, 48 Mo. 438; *State v. Quait*, 20 Mo. App. 405.

Frank v. Caruthers.

*John M. Wood*, Attorney General, for the State.

THOMAS, J.—The defendant was sentenced by the criminal court of Pettis county to pay a fine of $50 for malicious mischief, and he brings the case here by appeal. Many errors are assigned for the reversal of the sentence, but it will not be necessary to notice but one.

The court did not submit to the jury, in its instructions, the issue as to the venue of the offense charged. Defendant was indicted for maliciously shooting a steer belonging to Isaac W. Griffith, in Pettis county, Missouri. The evidence of the crime and the venue of the crime was wholly circumstantial, and very meager at that. Granting, however, that the evidence was sufficient to warrant a conviction, the court ought to have instructed the jury to acquit, unless they found the crime was committed in said county, and having failed to do this the judgment will be reversed, and the cause remanded for a new trial. All concur.