Com. of Pa., Appellant, *v.* Sexton
Com. of Pa., Appellant, *v.* Barnes

Argued March 14, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ. April T., 1932, but reversed in No. 173, April T., 1932.

*Thompson Bradshaw,* and with him *Lawrence M. Sebring* and *A. B. DeCastrique,* District Attorney, for appellant.

*Ernest Frey,* and with him *R. A. Balph* and *James Balph* and *William Coghlan,* for E. A. Ford Barnes,

appellee; *Forest G. Moorhead* of *Moorhead & Marshall,* and with him *Edward G. Coll,* for H. Clayton Sexton, appellee.

OPINION BY STADTFELD, J., October 10, 1932:

These appeals arise out of the same cases in which appeals were taken by the respective defendants, and in which an opinion was handed down today at Nos. 166 and 167 April Term 1932, and which is hereby referred to for a full statement of the facts.

These appeals are by the Commonwealth from the order of the court below directing that so much of the verdict in each case as found each defendant guilty of fraudulent conversion be set aside and judgment on that count entered in favor of the defendants, and to that extent judgment arrested.

The sole question involved is the jurisdiction of the court of quarter sessions of Beaver County to try the defendants on the charge of conversion, being the first count in each indictment.

First as to Sexton—Sexton having made the assignment to May and Bradshaw, attorneys, of his interest in the fee in question, was obligated if he personally received any part of it, to turn it over to the assignees. Upon the receipt thereof, he was a trustee for the assignees. When at the meeting of Sexton and Bradshaw at the latter's office in Beaver about June 20, 1931, Sexton stated he had not been paid, he knew for more than six weeks that the fee had been paid by Hamel. Under the testimony and the finding of the jury, Sexton admittedly had received at least $1,000 out of this money on May 12, 1931. It was turned over to him by Barnes in Pittsburgh. The failure on part of Sexton to pay over on demand at Beaver at the meeting with Sexton was a fraudulent withholding. It was done in furtherance of his plan to cheat and defraud by withholding information of the receipt of the fee, and in not paying over what he had received.

The appearance of Sexton at the office of May and Bradshaw at Beaver, his false statement in relation to the fee, and his departure from the office without paying was a fraudulent conversion.

The lower court in its opinion, states: ''The fraudulent conversion charged in the first count in the indictment was, in our opinion, completed in Allegheny County when on July 30, 1931, Mr. Barnes closed his account in the Duquesne National Bank. None of this money was ever in Beaver County.'' We cannot agree with this proposition in its entirety. Whatever may be the status as to Barnes, there is no doubt in our opinion that as to Sexton there was an unlawful conversion in Beaver County on June 20. After the payment to him of $1,000 on May 12th, the possession followed his person wherever he might go.

The law on this subject is well stated in Wharton on Criminal Law (11th Ed.) Vol. 2, par. 1287, under the title, ''Embezzlement, jurisdiction,'' as follows: ''The remarks heretofore made as to continuous takings, apply with peculiar force to embezzlements, which, until detected, may spread over an extended duration of time, and occupy several jurisdictions. The defendant may be tried in any county where any part of the embezzlement was committed, or where, upon being called upon to account, he disowned having received the money,'' citing R. v. Murdock, 2 Den. C. C. 298, 8 Engl. L. & Eq. 577; R. v. Hobson, R. & R. 56; R. v. Taylor, 3 B. & P. 596; Larkins v. People, 61 Barbour, 226. To the same effect is Commonwealth v. Altland, 29 Dist. Rep. 335.

The assignment of error insofar as setting aside the verdict against Sexton, and entering judgment in his favor, and to that extent sustaining motion in arrest of judgment, must be sustained.

As to Barnes, the money was at all times in Allegheny County. His refusal to pay, and the resultant unlawful conversion occurred in Allegheny County,

which under these circumstances alone had jurisdiction.

The assignment of error relating to setting aside the verdict against Barnes and entering judgment in his favor and to that extent sustaining the motion in arrest of judgment must be overruled.

The assignment of error in the appeal at No. 173 April Term 1932 is sustained. The judgment of the lower court is reversed, the verdict is reinstated, and the record is remitted to the court below with directions to proceed to sentence the defendant in due order and according to law.

The assignment of error in the appeal at No. 174 April Term 1932 is overruled, and the judgment of the lower court is affirmed.