## Commonwealth *v.* Mull et al., Appellants.

Argued September 25, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*R. B. Ivory, Jr.,* of *Ivory & Ivory,* for appellants.

*Chauncey E. Pruger,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY MR. JUSTICE DREW, November 26, 1934:

Roy A. Mull and Grace Mull, husband and wife, together with their son Elmer Mull, were indicted and tried for the murder of one Margaret Schwickrath; the court directed a verdict in favor of Elmer Mull, but submitted the case against the others to the jury, which found them guilty of murder of the second degree. From the judgment and sentence they appealed, assigning as error the refusal of their motion for binding instructions, based on the ground that the venue as laid was not proved, and the refusal of the trial court to charge, as requested by them, that unless the jury found the killing to have been committed within the county they should be acquitted.

The assignment which complains of the refusal of binding instructions cannot be sustained. True, the only proof as to the place of killing was that the body was

found in Allegheny County, with a quantity of blood beneath it, indicating that death had occurred not long before the body was placed at the spot where it was discovered. But this was sufficient evidence to support a finding that the homicide was committed within the county (Com. v. Costley, 118 Mass. 1; Com. v. Knowlton, 265 Mass. 382; cf. Com. v. Sloat, 298 Pa. 10), and it cannot be held, therefore, that as a matter of law the Commonwealth failed to sustain the burden which rested upon it of proving that the crime occurred within the territorial jurisdiction of the trial court.

However, defendants' assignment complaining of the refusal of the trial judge to charge the jury that unless they found the deceased to have been killed in Allegheny County their verdict should be not guilty is well taken and requires a reversal of the judgment. This refusal was clear error; the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not—and there is no such statute applicable here. Section 49 of the Act of March 31, 1860, P. L. 427, commonly referred to as the Journey Act,* has no bearing on the instant case, because there is no evidence to show that this crime was committed in a conveyance

---

* This section provides as follows:

"In order to obviate the difficulty of proof as to offenses committed during journeys from place to place, in any indictment for felony or misdemeanor committed on any person or on any property, upon any stage coach, stage, wagon, railway car, or other such carriage whatever employed in any journey, it shall be sufficient to allege that such felony or misdemeanor was committed within any county or place through any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed;......and every such felony or misdemeanor......shall and may be inquired of, tried, determined and punished in the county or place within which the same shall be so alleged to have been committed, in the same manner as if it had actually been committed therein."

or during a journey. In the present case it was of particular importance that the matter of locus be called to the jury's attention. Although the defense was that the defendants did not commit the crime, rather than that it occurred outside the county, the Commonwealth's proof as to the place of commission was very weak; the jury might well have believed from the evidence that the deceased met her death in the neighboring county of Westmoreland, where she was last seen alive. As we have said, the only proof that the crime occurred in Allegheny County was that the body was found there; while this would have been sufficient to support a finding by the jury that that county was the scene of the crime, it cannot be categorically affirmed that they would have done so if this question had been called to their attention by the court. The venue being substantially in issue, it was error for the trial judge to refuse defendants' request to charge as to it: Glover v. State, 21 Ala. App. 423; State v. Igo, 108 Mo. 568; Stripling v. State, 47 Tex. Crim. Rep. 117. Indeed, he should have so instructed the jury without request. It is true that in Com. v. Kaiser, 184 Pa. 493, we said it was not material that the court should specifically call the attention of the jury to the question of venue, but this was for the reason there expressed, that that point was not really in controversy, the evidence being undisputed. The facts of that case, on this question, were not at all similar to those of the instant case. In addition, the record shows that no request was made for such an instruction, and no exception was taken to the failure of the trial court so to instruct. In the case at bar, there was a real issue as to the place of the crime, and it was a material and prejudicial error for the trial judge to refuse defendants' request to call the jury's attention to it.

The Commonwealth argues, however, that the conviction was conclusive that the crime was committed at the place averred in the indictment (citing Com. v. Gurley, 45 Pa. 392; Com. v. Kaiser, supra; Com. v. Bubnis, 197

Pa. 542; Com. v. Lawrence, 282 Pa. 128, and Com. v. Sloat, supra), and that therefore the verdict cured the defect in the charge. In the Gurley Case, which was not a homicide case, the record came before this court on certiorari, and we said that the verdict fixed the place of the crime as that mentioned in the indictment, which was a part of the record. Of course, the evidence was not before the court. The question there raised and decided was solely as to the right of the trial judge to arrest the judgment, which we said he could not do. In Com. v. Kaiser, Com. v. Bubnis, Com. v. Lawrence, and Com. v. Sloat, all homicide cases, the only issue was as to the sufficiency of the evidence to support a finding that the crime had been committed in the county of indictment and trial. In none of these cases was there any refusal of the trial judge to charge on the point of venue; in fact, an examination of the record in Com. v. Sloat shows that the trial judge did expressly charge on that point, in affirmance of a request of defendant's counsel. Whether or not, as stated in the Bubnis, Lawrence and Sloat cases, the verdict cures an omission to prove that the crime was committed in the county of indictment and trial, or is conclusive that it was there committed, where there is no evidence to the contrary, this has no bearing on the situation before us, and for that reason those cases are of no authority here. Where, as here, there is a real question as to where the crime occurred, it is a material error for the court to fail to call the jury's attention to the point when he is expressly requested to do so. Since the case must be reversed, it is unnecessary to consider the other questions argued by defendants.

The judgment of the court below is reversed and a venire facias de novo is awarded.

Mr. Justice SIMPSON dissented.