Commonwealth *v.* Lowry, Appellant.

Argued September 27, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Harry R. Back,* for appellant.

*David E. Groshens,* Assistant District Attorney, with him *Frederick B. Smillie,* District Attorney, for appellee.

OPINION BY KENWORTHEY, J., December 9, 1943:

On October 6, 1942, between five and five-fifteen P. M., Paul K. Hart parked his automobile near the intersection of Broad Street and Olney Avenue, Philadelphia, and went, by subway, to his work. It was later discovered in a vacant lot near the intersection of Ashmead and Ashbourne Roads in Cheltenham Township, Montgomery County, stripped of its wheels, including tires and tubes.

Appellant was convicted, by separate verdicts, on two indictments, charging larceny of the automobile and larceny of the wheels, tires and tubes. He was

sentenced to two and a half to five years on each. Expressly for the purpose of avoiding the legal effect of a duplication in the crimes charged, the learned trial judge directed that the sentences run concurrently.

It was the theory of the commonwealth that appellant took the automobile to the vacant lot and removed the wheels some time between five-thirty and seven P. M., the evening of October 6th. The evidence was largely circumstantial; there was no eye-witness who saw appellant steal the automobile or remove the wheels. It was shown that about five-thirty appellant borrowed an automobile from a man named Gill. His whereabouts were not directly accounted for between that time and seven o'clock when he stopped at the home of Ludwig, the commonwealth's principal witness, and drove him to his (appellant's) home. Appellant there entered the house while Ludwig remained outside. About nine P. M., appellant reappeared. He and Ludwig entered the Gill car and appellant drove to a point on the highway adjacent to the vacant lot where the Hart car was subsequently discovered. They arrived there about ten P. M. Appellant stopped the car, turned out the lights, left the motor running, got out of the car for about "a minute," and had loaded into the car three of the stolen wheels when his activities were interrupted by a policeman who stopped to investigate. Appellant thereupon directed Ludwig to drive off, which he did. Their flight ended several minutes later when they crashed into a parked car. Ludwig was arrested within a few minutes; on information which he furnished the police, appellant was arrested the next day.

It was shown that appellant was a former garage mechanic and inspection of the clothes which he had worn early in the evening indicated to the trial judge, who so stated in his opinion, that the shoes were muddy and there was testimony that there were several pickers or burrs on the shirt. It was shown that the ground

where the wheels were stripped from the Hart car was muddy or "soft" and that similar burrs were found there.

The fourth wheel was subsequently found along the road at the point where appellant had picked up the other three.

Appellant seems to concede that the possession of recently stolen goods is sufficient to support an inference that the possessor is the thief. See *Com. v. Dock,* 146 Pa. Superior Ct. 16, 21 A. (2d) 429. He argues that since the testimony of Ludwig indicated that it would have been impossible for appellant to have removed the wheels from the Hart car during the short time appellant stopped to load them at about ten o'clock, the validity of the inference to be drawn from the mere possession of the stolen goods was destroyed and the equally plausible inference injected that someone else had stolen the wheels and that appellant was merely a receiver or an accessory after the fact. In our opinion, the contention is without merit. Appellant had ample opportunity to drive the car to the vacant lot, remove the wheels and hide them along the road between five-thirty, when he borrowed the Gill car, and seven o'clock, when he met Ludwig. And the circumstances of the mud on his shoes and the burrs on his shirt, plus the fact that he drove in the dark directly to the spot where the wheels were hidden, were more than ample support for the jury's conclusion that appellant had actually committed the theft. See *Com. v. Brown,* 71 Pa. Superior Ct. 575.

The Montgomery County Court had jurisdiction even if the larceny took place in Philadelphia; the transportation of the stolen goods into that county would give it jurisdiction. See *Simmons v. Com.,* 5 Binney 617; 2 Wharton's Criminal Law (12th Ed.), Sec. 1168; and *Com. v. Leitz,* 46 Montgomery County Law Report 28.

We have carefully considered appellant's remaining

points. They were adequately discussed and properly disposed of in the opinion of the court below, and it would serve no useful purpose to repeat what was there said.

Judgments affirmed.