Opinion by
 

 Hirt, J.,
 

 Defendant Lehman, the appellant here, was joined with William Meehan, in each of two indictments charging them with burglary and robbery, at the homes of Caleb F. Fox, on February 18,1948 and John Rotelle on March 19, 1948, both in Montgomery County. Lehman’s motion for a severance was denied and over his objection the charges of both indictments were consolidated for trial before the same jury. At the close of the Commonwealth’s testimony the trial judge sustained a demurrer to the evidence as to William Meehan, for want of evidence sufficiently identifying him as one of the offenders. Appellant was found guilty, as indicted, on all charges, and was sentenced. New trials were properly refused; the judgments of sentence will be affirmed.
 

 There is no merit in appellant’s contention that the court is chargeable with abuse of discretion in the consolidation for trial of the charges of the two indictments. The indictments in these cases were closely related in that they charged similar offenses, committed within a month of each other within the same general area of Montgomery County. The propriety of the consolidation was demonstrated by the evidence at the trial. Although there were two distinct burglaries and robberies, in combination, yet the methods used were similar in all material respects. The crimes were committed by from three to five persons in each instance who entered the dwellings at night, with handkerchiefs over their faces.
 
 *183
 
 Each carried a gun or other offensive weapon. Their hats were pulled down over their foreheads and they all wore gloves. After each burglary the occupants of the house were taken to a room on the second floor and were forced to lie down after having been bound hand and foot. There was an effort to locate safes in both houses; telephone wires were cut outside of the building in each instance and both homes were ransacked deliberately and thoroughly. Large quantities of valuable jewelry and furs were taken and money from the persons of those in both homes. Cases of whiskey were also taken. Milk found in both houses was consumed on the premises.
 

 It is the settled rule that the consolidation of indictments, charging separate and distinct offenses is largely a matter within the sound discretion of the trial court, and where the indictments are closely related, his exercise of discretion will not be reversed unless it is clearly shown that the appellant has been prejudiced or injured thereby.
 
 Commonwealth v. Mulroy,
 
 154 Pa. Superior Ct. 410, 36 A. 2d 337;
 
 Commonwealth v. Roberts,
 
 161 Pa. Superior Ct. 548, 55 A. 2d 577. The technique employed was almost identical in both instances and all of the circumstances indicate offenses committed in a continuing course of conduct under a single plan. The defendant was not prejudiced unlawfully by the consolidation of the charges of the two indictments.
 

 Nor is there merit in appellant’s contention that the evidence of identity is insufficient to connect him with the crimes. After the three men entered the Rotelle house, and a boxer dog menaced them, one of the burglars (who, as to observable physical characteristics was like appellant) said to Mrs. Rotelle and her son: “You get that goddam dog out of here or I will kill him.” Mrs. Rotelle noted the peculiar quality of the voice and after hearing appellant talk in a line-up after his arrest, was positive in her opinion that he was one of those
 
 *184
 
 wlio broke into her house and robbed her and her husband, and all others on the premises. The testimony of her son was to the same effect. And at the trial, after hearing the defendant on the stand in his defense, both she and her son testified that his was the voice of the burglar which they heard at the scene of the crimes in their house. This testimony was submitted to the jury as opinion evidence of identification merely, under the rule of
 
 Commonwealth v. Sharpe,
 
 138 Pa. Superior Ct. 156, 10 A. 2d 120, with the instruction that it was to be scrutinized with the greatest of care by the jury in determining its probative weight, in the light of the circumstances. However, even if it be conceded that this testimony was insufficient in itself to establish identity, yet it was admissible and competent on that question, in conjunction with other evidence connecting this appellant with the commission of the crimes charged in the Rotelle indictment. There is other evidence which not only identifies the appellant as one of the burglars but convicts him of all of the crimes as charged, beyond every reasonable doubt.
 

 After appellant’s arrest the officers found a large knife in defendant’s home and an ax in his automobile. There was a tarry substance on the blades of both of them. It was believed that these were the instruments that were used to sever the telephone wires at the Fox and Rotelle homes. And a microscopic examination of them by an expert, qualified to express an opinion, disclosed the presence on both blades of bits of copper, fabric and tarry material, identical with that of the insulated telephone wires which had been cut at both houses. A bottle of Park and Tilford whiskey marked “Distribution Stock” was also found in appellant’s possession. Despite this fact and the absence of State stamps, appellant claimed to have bought it at a Pennsylvania Liquor Store. A large quantity of whiskey stolen from the home of Caleb Fox had been acquired
 
 *185
 
 by distribution to Mm as one of the stockholders of the Park and Tilford Company and all of the bottles, which he had, bore the above marking to distinguish them from liquor acquired by purchase. Quantities of valuable jewelry were taken from both houses by the perpetrators of the crimes. And the appellant was identified as one of the offenders by his admitted possession of a valuable ring oivned by Mrs. Caleb Fox and another ring, the property of Alfred Rotelle. One ring had been taken from the Fox home and the other from the Rotelle residence at the times in question here. Thus, in appellant’s possession were found a part of the fruits of the crimes laid in each of the two indictments, within twelve days after the Rotelle burglary and a little over a month from the date of the crimes committed in the Fox home. Appellant said he had bought both rings from a fellow by the name of “Joe” in Germantown, for $500.
 

 The possession of recently stolen goods is sufficient to support an inference that the possessor is the thief.
 
 Commonwealth v. Lowry,
 
 153 Pa. Superior Ct. 639, 34 A. 2d 814. And if a taking, amounting to robbery, is committed in the perpetration of a burglaxy, possession of stolen property so acquired is evidence of guilt on charges of both robbery and burglary. Cf.
 
 Commonwealth v. Parker et al.,
 
 294 Pa. 144, 150, 143 A. 904. In this case it was for the jury to say whether the guilt of the appellant was a reasonable inference of fact fairly deducible from his possession of the recently stolen property, in the light of all of the attending circumstances.
 
 Commonwealth v. Joyce,
 
 159 Pa. Superior Ct. 45, 46 A. 2d 529. The jury was so instructed in a careful charge. However, appellant now contends that the charge was inadequate as to the implications to be drawn from the possession of recently stolen goods. The complaint comes too late. Although the opportunity was afforded appellant’s counsel by the trial judge at
 
 *186
 
 the conclusion of the charge, no request was made for additional instructions on any subject. Hence, appellant may not now complain.
 
 Commonwealth v.
 
 Ricci, 161 Pa. Superior Ct. 193, 54 A. 2d 51.
 

 There is no merit in any of the questions raised by appellant in these appeals.
 

 Judgments affirmed.