## Commonwealth *v*. Tarsnane, Appellant.

266

Argued November 15, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Milton S. Leidner,* for appellant.

*Raymond V. John,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY HIRT, J., January 17, 1952:

The defendant was convicted of sodomy on Bill No. 403, and of related offenses charged in two other indictments. He was sentenced on the sodomy conviction alone. In this appeal it is contended that defendant is entitled to a new trial because venue as laid in the indictment was contested and was not supported by the proofs.

The victim in this case was a seven-year old girl. Under the testimony, accepted by the jury, the defendant enticed the child into his automobile on Wyoming Avenue in Philadelphia early in the afternoon of July 16, 1950. He then drove some distance to a vacant house where he committed the offense. The location of the house does not appear and there is no evidence that it was in Philadelphia County. An hour and a half elapsed between the time when defendant picked up the child and her return by him to the neighborhood of her home. The interval was sufficiently long for the defendant to drive beyond the limits of Philadelphia County and commit the crime there. The child was unable to throw any light on the location of the house. She did state that it was a long ride to the house but she was unable to say how long. There is no evidence from which the commission of the offense in Philadelphia County could be inferred. Proof of venue therefore is wholly lacking.

We stated the applicable principle in the language of settled law in *Com. v. Wojdakowski et al.,* 161 Pa. Superior Ct. 250, 257, 53 A. 2d 851, thus: "The locus of a crime is always in issue, for a court has no jurisdiction of the offense unless committed in the county where tried. Commonwealth v. Mull et al., 316 Pa. 424, 175 A. 418. Usually the question is not specifically raised but, in such case, the conviction of a defendant is conclusive that the crime was committed where laid in the indictment, for a verdict of guilt includes such finding. Commonwealth v. Bubnis, 197 Pa. 542, 547, 47 A. 748; Commonwealth v. Kaiser, 184 Pa. 493, 497, 39 A. 299." Accordingly even where the charge is murder although some evidence of the locality of the crime should be adduced yet if the place of its commission is not disputed, the defect is cured by verdict of guilty. *Commonwealth v. Kaiser,* supra.

Here however the defendants consistently challenged the jurisdiction of the court throughout the trial of this case. And his counsel objected specifically to that portion of the charge which submitted the question of jurisdiction to the jury in the total absence of testimony on the subject; in addition, there was a request for a directed verdict of not guilty for want of proof that the offense was committed in Philadelphia County, which the court refused.

The present appeal is ruled by *Commonwealth v. Mull et al.*, supra. Section 49 of the Act of March 31, 1860, P. L. 427, 19 PS §525, commonly known as the *Journey Act*, has no bearing on the question of jurisdiction contrary to the contention of the Commonwealth. The reason for that Act was to obviate difficulties in proof of the locus of a crime in one county or another when committed *in the course of a journey.* The offense here was not committed in the automobile either while in motion or when brought to a stop, in the course of a journey, as in *Com. v. Stefanowicz*, 133 Pa. Superior Ct. 501, 3 A. 2d 22. The place where the instant crime was committed was in a fixed building susceptible of exact location. The court therefore erred in submitting the question of jurisdiction to the jury in the absence of some evidence that the building where the sodomy was committed was within the County of Philadelphia.

Judgment of sentence reversed with a venire facias de novo.