## Commonwealth v. Finley

*John R. Graham*, Assistant District Attorney, for Commonwealth.

*Alexander A. DiSanti* and *Berman, Richard & Brian*, for defendant.

TOAL, J., January 24, 1964.—Defendant, Edward Robert Finley, was indicted for fornication and bastardy and after a trial before judge and jury was found guilty as charged. Defendant filed a motion in arrest of judgment and motion for a new trial. However, he is only pressing his motion for a new trial, and we will direct our attention thereto.

Prosecutrix, Roufina Badway, gave birth to a male child on January 16, 1963, at St. Vincent's Hospital in Philadelphia. The said child was conceived between April 14 and May 14, 1962. Prosecutrix testified that

she had frequent sexual relations with defendant from January of 1961 through July of 1962, and she further testified that defendant was the father of the child. Defendant, testifying on his own behalf, admitted that he had known prosecutrix since 1960, but denied that he ever had such relations with her and that he was the father of her child. His testimony further indicated that he was never interested in prosecutrix and that she was the one that continually pursued him.

Defendant also produced several witnesses who testified as to defendant's reputation for chastity and other witnesses who testified as to his good reputation for morality and truthfulness.

Defendant contends that the trial judge erred in permitting the district attorney, over defendant's objection, to inquire of defendant on cross-examination whether he ever had sexual intercourse with any women other than prosecutrix. This question occurred when defendant was being cross-examined by the assistant district attorney. It commences at page 62 of the notes of testimony as follows:

"Q. Have you ever had sexual intercourse with her?

"A. No, sir.

"Q. Have you ever had sexual intercourse with any other women?

"Mr. DiSanti: I object, your honor.

"The Court: Objection sustained.

"Mr. Graham: May I explain the reason for the question?

"The Court: You can do it at side bar.

"(Side bar off the record.)

"The Court: All right, you may ask that question on the ground that the defendant has introduced evidence to indicate that he is of good moral character. You may ask that question, we will reverse our previous ruling.

"Mr. Graham: Thank you, sir.

By Mr. Graham:

"Q. Will you answer the question, please?

"A. What is the question?

"Q. You don't remember?

"A. You said did I have intercourse with any women?

"Q. Yes.

"A. Yes sir.

"Q. More than once?

"A. Yes, sir."

The trial judge correctly sustained the objection in the first instance, but committed error by reversing himself and permitting the assistant district attorney to question defendant on cross-examination as to whether he ever had sexual intercourse with any other women. Perhaps the assistant district attorney was overly persuasive at the side bar conference. The rule in this Commonwealth as set forth by our appellate courts is that mere attempts to commit crimes, arrests and indictments without conviction are not subjects of cross-examination. These raise independent issues and do not assert the fact as a conviction does: Commonwealth v. Quaranta, 295 Pa. 264. In the case of Commonwealth v. Wiswesser, 124 Pa. Superior Ct. 251, our Superior Court, in dealing with this question, said:

"Even before the Act of 1911 [Act of March 15, 1911, P. L. 20, 19 PS § 711] there was no legal warrant or authority for cross-questioning a defendant as to arrests, indictments, etc. not resulting in a conviction, and the Act of 1911 does not supply it."

A new trial must be granted if substantial error was committed by the trial court which may have influenced the verdict to defendant's injury: Commonwealth v. Mull, 316 Pa. 424. We are satisfied that the trial judge committed substantial error in the allowance of the questions asked defendant on his cross-examination and the answers to them. This error may

have influenced the jury to defendant's injury in arriving at their verdict. Hence, we are obliged to grant a new trial.

*Order*

And now, to wit, January 24, 1964, it is ordered and decreed that defendant's motion for a new trial be and the same is hereby sustained.