443 A.2d 330

## COMMONWEALTH of Pennsylvania,

v.

## Wilbert GRAY, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 9, 1981.

Filed March 19, 1982.

Gwanita G. Hester, Assistant Public Defender, Norristown, for appellant.

Stanley R. Ott, Sp. Prosecutor, Souderton, for Commonwealth, appellee.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence of burglary. Appellant argues that the evidence was insufficient, and, by new counsel, that trial counsel was ineffective. We have concluded that the evidence was not insufficient, but that appellant's claim that trial counsel was ineffective has arguable merit. We therefore remand for further proceedings.

—1—

In deciding the sufficiency of evidence, we must first accept as true all the evidence upon which the trier of fact could properly have based the verdict, and then ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Fortune*, 456 Pa. 365, 367, 318 A.2d 327, 328 (1974); *Commonwealth v. Petrisko*, 442 Pa. 575, 579–89, 275 A.2d 46, 49 (1971). However, guilt must be proved and not conjectured. *Commonwealth v. Wilson*, 225 Pa.Superior Ct. 513, 312 A.2d 430 (1973). So regarded, the evidence may be summarized as follows.

126

On July 25, 1979, at approximately 5:00 a. m., Peter Gerhard, while sleeping in an apartment above his candy store, was awakened by a loud noise in the rear of his store. He looked out his rear window and saw a man getting off a ladder directly under his window. Because of the angle, Gerhard was able to see only the man's head, forehead, cheeks, mustache, and nose. TT. 19–21. After watching the man remove a fan from above the door, he went to the store office to telephone the police. However, the telephone was dead, and he returned to the rear window of his apartment, from which he saw the man remove a television set and merchant's scale from the store building. *Id.* at 20–22. He also saw that the man was wearing a black T-shirt and white jeans. *Id.* at 26. Gerhard left the store building by the front door and called the police from a nearby call-box. *Id.* at 22–23. When he got back to his store, the man had gone but the television set and scale were still by the back door. *Id.* at 24. While waiting for the police to arrive, Gerhard saw the man he had seen behind his store "duck down [an] alley and start peeking out." *Id.* at 25. When the police arrived, moments later, Gerhard looked around, saw the man again, and said to the police, "That's him. Get him." *Id.* at 27–28. The police arrested the man, who proved to be appellant. After being placed under arrest, appellant gave the police an alias. From the time Gerhard first saw the man to the time of appellant's arrest was eight to ten minutes. *Id.* at 31.

■ Appellant's claim of insufficiency may be summarily dismissed. While it is true that Gerhard did not see appellant's full face, he saw enough to be sure of his identification.

–2–

■ In determining whether counsel was effective, we engage in "both an independent review of the record, . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives." *Commonwealth ex rel. Washington v. Maroney*, 427

Pa. 599, 604, 235 A.2d 349, 352 (1967); *see also, Commonwealth v. Nole*, 461 Pa. 314, 336 A.2d 302 (1975). Counsel will be "deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney, supra*, 427 Pa. at 604, 235 A.2d at 352.

Here, appellant claims that his trial counsel was ineffective in failing to object to the following cross-examination of appellant:

Q. Were you convicted of theft by unlawful taking and theft by receiving stolen property on September 10, 1976 in Philadelphia?

A. On what charge?

Q. The charge of theft by receiving and theft of unlawful taking. Did you plead guilty to that charge in Philadelphia on September 10, 1976?

A. Is that a stolen car incident?

Q. The charge is theft. Did you plead guilty to theft on September 10, 1976?

A. Yes.

Q. You did?

A. Yes.

N.T. at 206–207.

■ The Commonwealth concedes, as it must, that this cross-examination was improper. A prosecutor has been prohibited since 1911 from conducting such a cross-examination. *See* Act of 1911, March 15, P.L. 20 § 1. The prohibition of the Act of 1911 remains in the new Judicial Code:

No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:

(1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or

(2) he shall have testified at such trial against a codefendant, charged with the same offense.

1976, July 9, P.L. 586, No. 142, § 2, eff. June 27, 1978. 42 Pa.C.S. § 5918.

The Commonwealth argues, however, that the prosecutor's misconduct is unimportant because it occurred before a judge sitting without a jury. The argument is without merit. The Supreme Court has made plain that the Act of 1911 must be followed "to the letter," *Commonwealth v. Davis*, 396 Pa. 158, 163, 150 A.2d 863, 866 (1959), and that even where the evidence of guilt is "overwhelming," the prejudice arising from a violation of the Act will not be held harmless and a new trial will be ordered, *Commonwealth v. Barron*, 438 Pa. 259, 264 A.2d 710 (1970). The Act of 1911 and the succeeding prohibition in the Judicial Code apply to *any* criminal "trial"—not only to trial by jury. Therefore, we may be confident that if appellant's trial counsel had objected to the cross-examination, the trial judge would have recognized the objection as meritorious.

But the mere fact that counsel fails to make a meritorious objection does not demonstrate his ineffectiveness. Specifically, it is easy to imagine circumstances in which counsel, knowing that he can on objection obtain a new trial, nevertheless does not object because he has a reasonable basis for believing that his client will be better served by proceeding with the trial then underway. We do not say that that was why appellant's trial counsel did not object. Perhaps he simply did not recognize the impropriety of the cross-examination—as apparently the prosecutor did not. When we can not tell from the record whether counsel's conduct reflected a reasoned strategic choice or ineptitude, we must remand for a hearing. *Commonwealth v. Sherard*, 483 Pa. 183, 194, 394 A.2d 971, 977 (1978).

The judgment of sentence is vacated and the case remanded for an evidentiary hearing at which the lower court shall determine trial counsel's effectiveness. If the court finds that counsel was effective, it shall reinstate the sentence. If the court finds that trial counsel was ineffective, it shall grant appellant a new trial. We do not retain jurisdiction. Any further appeal must be from such order as the lower court enters after the evidentiary hearing.