473 A.2d 614

**COMMONWEALTH of Pennsylvania**

v.

**Frederick D. DUDEN, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 19, 1983.

Filed March 16, 1984.

Petition for Allowance of Appeal Denied Oct. 9, 1984.

76

Gilbert E. Toll, Philadelphia, for appellant.

Carolyn E. Alden, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before McEWEN, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from the judgment of sentence imposed on the appellant, Frederick Duden, Jr., by the Court of Common Pleas of Philadelphia County, per the Honorable Lynne M. Abraham. The appellant was convicted in a jury trial of forgery,[1] theft by deception,[2] theft by failure to

1. 18 Pa.C.S.A. § 4101(2).

2. *Id.* § 3922.

make required disposition of funds received,[3] and theft by unlawful taking.[4] The post-verdict motions in arrest of judgment and for a new trial filed by the appellant were denied by the court. The appellant was subsequently sentenced to three and one-half (3 ½) to seven (7) years imprisonment and ordered to pay six thousand dollars ($6,000.00) on the forgery charge, and sentenced to three and one-half (3 ½) to seven (7) years imprisonment on each of the theft charges. The sentences for theft were to be served concurrently with each other, but consecutive to the sentence for forgery. The appellant filed a petition to modify sentence which was denied. This appeal followed.

■ The appellant raises the following issues herein:

A. The sentence imposed by the court was illegal and improper.

B. The imposition of consecutive maximum sentences was manifestly excessive, and illegal.

 1. Ineffectiveness of former counsel.

C. The prosecutor improperly commented on the appellant's failure to take the witness stand.

D. The Commonwealth failed to establish the jurisdiction of the court beyond a reasonable doubt.

E. The trial court erred in not holding a hearing on the admissibility of appellant's bank records seized by the Commonwealth pursuant to a search warrant.

F. The seizure of appellant's bank records was invalid and illegal per se.

G. The Commonwealth failed to prove by competent evidence that the $6,000.00 check payable to St. Joseph's Home was deposited in the appellant's account.

 1. The trial court improperly allowed Ruth Cliggett, a record custodian, to offer opinion testimony.

 2. Physical evidence consisting of the deposit slip and Mrs. Cliggett's testimony in connection therewith violated the Best Evidence Rule.

---

**3.** *Id.* § 3927.

**4.** *Id.* § 3921.

3. Ineffectiveness of former counsel.

H. The appellant was denied a fair trial by having to defend a multiplicity of theft charges although he was alleged to have committed a single theft.

1. Ineffectiveness of former counsel.

We have carefully reviewed each of the appellant's arguments and find they are without merit except that only one sentence should have been imposed for theft. We also note that in arguments C, D and E, the appellant attempts to tack on claims of ineffectiveness of counsel without presenting them in the statement of questions presented. These claims are waived under our appellate rules, Pa.R.A.P. 2116, and will not be further discussed.

The facts relevant to the present appeal are as follows: The appellant was, prior to his disbarment in 1977, an attorney representing, among others, the St. Joseph's Home for Homeless Industrious Boys (St. Joseph's). On June 26, 1976, one Sarah E. Morawski died testate in Massachusetts. She named St. Joseph's as a beneficiary of her estate. Specifically, St. Joseph's was named as one of many residuary legatees. Its share would amount to some $15,600.00. The administrators of the estate sent notice of the bequest to St. Joseph's, and the notice was referred to the appellant in his capacity as attorney for the home. Thereafter, the appellant sent a letter to the administrators advising them that he represented St. Joseph's and requesting a copy of the Morawski will. Appellant also directed the administrators to send all future correspondence and papers directly to the appellant.

On January 30, 1977, a check made payable to St. Joseph's in the amount of $4,000.00 was sent by the administrators directly to St. Joseph's. In accordance with its standard practice, the check was received by the bookkeeper, Edith Hynes; endorsed with a rubber stamp; and deposited into the St. Joseph's account in Central Penn National Bank.

On August 15, 1978, the administrators mailed a second check made payable to St. Joseph's in the amount of $6,000.00. This check was mailed to the appellant.

On February 11, 1980, the administrators requested a release from St. Joseph's for the $10,000.00 already received in order that the final distribution could be made. At this time, Father Francis Duffy, pastor and administrator of St. Joseph's, informed the administrators of the estate that the second check had never been received.

After investigation by the police, the appellant's bank records were seized pursuant to a search warrant. The records showed that on September 7, 1978, a deposit of four checks totaling $6,336.20 was made into the appellant's account in Girard Bank. The deposit ticket, pre-printed with the appellant's name and address, showed that one of the checks was for $6,000.00. Microfilm bank records demonstrated that the $6,000.00 check was the Morawski estate check. When the deposit was made on September 7, 1978, the appellant's balance was $110.59. By September 11, 1978, the appellant's balance was $10.64. None of the checks drawn on the account in the interval between September 7 and 11, 1978, was made payable to St. Joseph's.

We now proceed to the disposition of the issues before us, beginning with the appellant's allegation that the sentence was improper and an abuse of discretion because it was based on numerous factors which were improperly considered by the trial court. Specifically, the appellant contends that the trial judge erred in considering: (1) her belief that the appellant had hidden assets; (2) the testimony of the appellant in other cases;[5] (3) other unspecified cases "which [had] been brought to [her] attention;" (4) communications with a former associate of the appellant; and (5) the appellant's failure to conclude a monetary settlement with the complainant.

5. Judge Abraham had previously presided over a trial wherein the appellant was convicted of various charges arising out of the defalcation of funds from three other clients.

A sentence is invalid if it reasonably appears from a review of the entire record that the sentencing court may have relied in whole or in part on an impermissible consideration. *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977); *Commonwealth v. Russo,* 297 Pa.Super. 424, 444 A.2d 105 (1982); *Commonwealth v. Schwartz,* 275 Pa.Super. 112, 418 A.2d 637 (1980); *Commonwealth v. Cruz,* 265 Pa.Super. 474, 402 A.2d 536 (1979). "However, when a defendant fails to make a timely objection in the sentencing court, he waives the issue." *Commonwealth v. Cruz, id.* 265 Pa.Super. at 477, 402 A.2d at 537. *See also, Commonwealth v. Shoemaker,* 462 Pa. 342, 341 A.2d 111 (1975). Herein, no objection was raised by the appellant to any of the allegedly impermissible considerations—either at the sentencing hearing or in the petition to modify sentence. The sentencing judge was not afforded an opportunity to correct the alleged error. We therefore conclude the issue is waived.

The appellant also alleges that the judgment of sentence is illegal. A challenge to the legality of the sentence is not waived by the failure to raise it in the trial court.[6] *Commonwealth v. Kerr,* 298 Pa.Super. 257, 444 A.2d 758 (1982). As stated previously, Judge Abraham sentenced the appellant to 3 ½ to 7 years imprisonment for forgery, and 3½ to 7 years consecutive imprisonment on the theft charges. She also stated on the record that the total sentence was 7 to 14 years imprisonment. (N.T. January 20, 1982, at 39).

The appellant, relying on 18 Pa.C.S. § 1357, the statutory provision regarding consecutive sentences which was in effect at the time of sentencing,[7] asserts that the minimum sentence should be 3 ½ years, and not 7 years. Section 1357 states:

6. Because this issue is not waived it is not necessary to consider appellant's allegation that trial counsel was ineffective for failing to object to the legality of the sentence.

7. Act of December 30, 1974, P.L. 1052, No. 345, § 1, as amended. Act of October 5, 1980, P.L. 693, No. 142, § 401(a), 42 Pa.C.S.A. § 9757.

§ 1357 Consecutive Sentences of total confinement for multiple offenses.

Whenever the court determines that a sentence should be served consecutively to one then being imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum shall not exceed one-half of the maximum sentence imposed.

The appellant would have us construe the term "maximum sentence" to mean the longest sentence imposed on one of the charges; *e.g.*, since the longest sentence imposed on a *single* charge herein was 7 years, the minimum sentence on *all* charges must be 3 ½ years. We refuse to accept this construction. The "maximum sentence" imposed is the total of the maximum sentence on all charges. Thus, the minimum sentence cannot exceed one-half of that maximum; in the present case one-half of 14 years, or 7 years. This not to say that, in the exercise of discretion, a trial court cannot impose a minimum sentence less than one-half of the maximum sentence on all charges. A trial court clearly is empowered to do so; however, in the present case, the court did not. We do not find that this in any way makes the sentence illegal. However, the appellant was sentenced to concurrent sentences for each of the theft charges where it is apparent that only one theft took place. Consequently, the sentences imposed for theft by unlawful taking and theft by deception should be vacated.

■ The appellant's third argument is that the prosecutor improperly commented on the appellant's failure to testify. The allegedly improper comments, and their surrounding context are as follows:

You're going to discuss the facts, and let me suggest to you here today, this day that when you do come back on Monday and you go and deliberate and you talk amongst yourselves and you have all of those facts and documents at your disposal, there will be two facts that are essential to this case as you discuss them, and they will come up

time and time again and one question. All the other facts, all the other evidence, all the other testimony centers on these two facts and one question.

Fact one. A $4,000 check drawn in 1977, in the Estate of Sarah Morawski is sent by the administrators to St. Joseph's House for Homeless Industrious Boys and it ends up in the account of St. Joseph's House for Homeless Industrious Boys in February, which is where it belongs.

Fact two. Eighteen months later, a year and a half, a second check is sent, $6,000 addressed again to St. Joseph's, sent out by Mrs. Poirier after Mr. Polliss [sic] signed it to Mr. Abedon. That check ends up in the checking account of the defendant, where it doesn't belong.

*The one question. Why? Why doesn't that $6,000 end up in the account of St. Joseph's just like the other one? Isn't that where it belongs? It's not payable to the defendant.*

All of these other facts, all of these other documents, all the testimony when you consider them will give you the answer to that question why.

(N.T. May 1, 1982, at 3.156–3.157) (emphasis added)

In *Commonwealth v. Smith,* 490 Pa. 380, 387–88, 416 A.2d 986, 989 (1980), the Court held that:

[A] district attorney must have reasonable latitude in fairly presenting a case to the jury and that he or she must be free to present his or her arguments with 'logical force and vigor.' *Commonwealth v. Cronin, supra,* 464 Pa. [138] at 143, 346 A.2d [59] at 62 [(1975)]. Furthermore, the district attorney may always argue to the jury that the evidence establishes the defendant's guilt. *Commonwealth v. Capalla* [322 Pa. 200, 185 A. 203 (1936)], *supra; Commonwealth v. Wilcox,* 316 Pa. 129, 173 A. 653 (1934). Finally, the prejudicial effect of the district attorney's remarks must be evaluated in the context in which they occurred. *Commonwealth v. Perkins,* 473

Pa. 116, 373 A.2d 1076 (1977) (plurality opinion); *Commonwealth v. Crittenton*, 326 Pa. 25, 191 A. 358 (1937). The prosecutor's comment herein was a rhetorical question based on reasonable inferences from the evidence presented. The assertion that the prosecutor was commenting on the appellant's refusal to testify is an inference so tenuous as to constitute pure conjecture. We perceive no error.

The appellant's fourth argument is that the Commonwealth failed to establish the jurisdiction of the court beyond a reasonable doubt because it failed to present evidence that the forgery and thefts occurred in Philadelphia. This court has held:

Jurisdiction to try a person on a criminal charge lies only in the courts of the state or county where the crime was committed. *Huntington v. Attrill*, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892).

While some evidence of the place of the crime must be offered by the prosecution to sustain a guilty verdict, *Commonwealth ex rel. Chatary v. Nailon*, 416 Pa. 280, 206 A.2d 43 (1965); *Commonwealth v. Tarsnane*, 170 Pa.Super. 265, 85 A.2d 606 (1952), where there is a real question as to the place, it is reversible error for the trial judge to refuse the defendant's request to submit that question to the jury. *Commonwealth v. Mull*, 316 Pa. 424, 175 A. 418 (1934). *And see Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973); *Commonwealth v. Hainds*, 448 Pa. 67, 292 A.2d 337 (1972); *Commonwealth v. Tarsnane, supra; Commonwealth v. Wojdakowski*, 161 Pa.Super. 250, 53 A.2d 851 (1947).

*Commonwealth v. Kloss*, 253 Pa.Super. 559, 563, 385 A.2d 480, 482 (1978). Herein, the appellant did not request and did not receive a jury charge on jurisdiction. However, the question is not waived since the venue of the court is a question of subject matter jurisdiction, *Commonwealth v. Ziegler*, 251 Pa.Super. 147, 380 A.2d 420 (1977), and "[t]he lack of subject matter jurisdiction cannot be waived . . . and it may be raised any time by the parties or the court, including an appellate court." *Commonwealth v. Man-*

*gum,* 231 Pa.Super. 162, 164–65, 332 A.2d 467, 468 (1974). Moreover, we are mindful of an additional standard:

> In a somewhat related argument, the appellant urges that the trial judge erred in failing to specifically instruct the jury on the law concerning jurisdiction. Jurisdiction is a legal issue and therefore is not normally a concern for the jury. However, in those infrequent cases where jurisdiction depends upon the resolution of disputed facts, it is within the province of the jury to resolve the issue under proper instructions, and failure to give such instructions may constitute reversible error. *Commonwealth v. Mull,* 316 Pa. 424, 175 A. 418 (1934). Where the facts underlying jurisdiction are not in dispute, the rule is as follows:
>
>> 'There is no duty on a trial judge to charge a jury upon law which has no applicability to the presented facts. There must be some relationship between the law upon which an instruction is required and the evidence presented at the trial: *Commonwealth v. Coleman,* 402 Pa. 238, 166 A.2d 525 (1961).'
>
> *Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A.2d 563, 566 (1963).

*Commonwealth v. Bighum,* 452 Pa. 554, 559, 307 A.2d 255, 258–59 (1973). We find there was no error in the trial judge's failure to give a jury charge on jurisdiction, even if one had been requested. The facts herein are not in dispute. The appellant received the check by mail at his office at 2116 Two Girard Plaza in center city Philadelphia, and the check was deposited in his account in Girard Bank. The funds were later withdrawn from his account by check.

It is the appellant's contention that the Commonwealth did not establish that the appellant deposited the check in a Girard Bank branch office in Philadelphia County, and they have thus failed to establish facts requisite to a finding that jurisdiction was proper in Philadelphia. While it is true that the Commonwealth introduced no evidence on where the check was deposited, it is immaterial, because other factors establish that jurisdiction in Philadelphia was proper.

 It is well established that the Commonwealth must prove only that one element of the offenses charged occurred in Philadelphia County. 18 Pa.C.S.A. § 102(a)(1); *Commonwealth v. Ohle,* 291 Pa.Super. 110, 126–27, 435 A.2d 592, 600 (1981). As the trial court cogently pointed out:

> Three of the theft offenses, theft by deception, theft by unlawful taking or disposition and theft by receiving stolen property are complete the moment the defendant received the check in Philadelphia with the requisite intent and thus did not depend on whether or where he deposited it. Additionally, for the offense of theft by failing to make required disposition of funds received, defendant did nothing criminal until he failed to pay the money to St. Joseph's.

Lower Court Opinion, at 45. *See also Commonwealth v. Ohle, supra.* We agree with the conclusion of the trial court. Furthermore, "A charge of embezzlement or fraudulent conversion may be tried in any county in which any part of the embezzlement or fraudulent conversion was committed, or where, upon being called to account, the defendant disowned having received the money." *Commonwealth v. Bertels,* 260 Pa.Super. 496, 500, 394 A.2d 1036, 1038 (1978); *Commonwealth v. Sexton,* 107 Pa.Super. 69, 162 A. 678 (1932). Obviously, in order to embezzle funds, they first must be received by the embezzler. Herein the funds were received in Philadelphia.

Finally, with respect to the forgery, we conclude that the forgery was part and parcel of the theft *i.e.,* they were so intertwined that trial was appropriate in Philadelphia. *Commonwealth v. Lowry,* 153 Pa.Super. 639, 34 A.2d 814 (1943).

 The appellant next argues that the trial court erred in not holding a hearing on the admissibility of the appellant's bank records which had been seized pursuant to a search warrant. On the second day of trial, the appellant's

88

trial counsel sought a *"Jackson-Denno"*[8] hearing when the Commonwealth indicated it was going to have Mrs. Ruth Cliggett testify concerning the appellant's bank records. Mrs. Cliggett was employed by Girard Bank as a documents analyst. Defense counsel contended that they were unaware that the bank records had been seized, and so were unable to move for suppression pre-trial. They also raised two grounds upon which suppression should be granted: (1) the appellant had never received a copy of the search warrant, nor any other notice of the seizure, and (2) the affidavit of probable cause upon which the search warrant was based is insufficient.

The trial court ruled that the motion was untimely under Pa.R.Crim.P. 306(e) and 323(b) and that therefore suppression was waived. The court also made a finding that counsel's failure to file a suppression motion pre-trial was a matter of trial tactics in that "the defense, in fact, failed or refused to file a motion to suppress and did not ask for the issue to be revealed on discovery in accordance with the Rules of Criminal Procedure." (N.T. May 1, 1981, at 3.6) This latter finding was based on the grounds that: (1) this was the fourth case in which counsel had represented the appellant on similar charges and in each of the previous cases bank records were brought in to prove the charges; and (2) the prosecution voluntarily turned over to defense counsel copies of all bank records that it would be using at trial.

We conclude that the trial court properly denied the appellant's motion. First, counsel failed to file a pre-trial motion to suppress. Second, counsel failed to move for discovery. Third, the district attorney's office in no way misled counsel, and, in fact, turned over records to counsel which should have alerted him to the fact that they had been seized by the bank. We find that this case is similar to *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977), *rev'd. on other grounds*, and so find no error. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296

8. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

(1979). See also *Commonwealth v. Pearson*, 450 Pa. 467, 303 A.2d 481 (1973).

 In a related argument, the appellant asserts that the seizure of bank records was *per se* illegal because appellant was never served with a copy of the search warrant. Appellant cites no authority for this contention, and it seems that the Rules of Criminal Procedure provide that the contrary is true:

Rule 2008. Copy of Warrant; Receipt for Seized Property.

(a) A law enforcement officer, upon taking personal property pursuant to a search warrant shall leave with the person from whom or from whose premises the property was taken a copy of the warrant and a copy of the affidavit(s) in support thereof, and a receipt for the property seized.

The search warrant which appellant is contesting was served on Mrs. Ruth Cliggett, custodian of records at Girard Bank. Thus, Rule 2008 was followed. In any event, this issue is also waived by failing to file a motion to suppress pre-trial. Pa.R.Crim.P. 323(b).

The appellant's sixth argument is that the evidence was insufficient to prove that the $6,000.00 check from the Morawski estate, payable to St. Joseph's was deposited in the appellant's bank account. The appellant's argument is premised on an allegation that the trial court erred in allowing a Commonwealth witness, Ruth Cliggett, the Girard Bank record custodian, to offer opinion testimony, and also that the trial court erred in allowing physical evidence which violated the best evidence rule.

 The appellant contends that the trial court erred in allowing Mrs. Cliggett to testify that the $6,000.00 check from the Morawski estate was the same check deposited in appellant's checking account which appeared on the deposit ticket of September 7, 1978. The appellant contends that this constituted opinion testimony from a lay witness. We

agree with the resolution of this alleged error set forth in the trial court's opinion:

Ruth Cliggett, duly qualified as a Girard Bank custodian of records. Among other things, Cliggett explained that every bank transaction is microfilmed including every check and every deposit slip that goes through the bank. She further testified that she brought with her certain microfilmed copies of Girard's bank statements belonging to Duden. She identified one exhibit as showing that on September 7, 1978, there was a deposit into defendant's account of $6,336.20. She was next shown a deposit ticket she brought with her to court and she identified this as the deposit ticket used to make the $6,336.20 deposit on that date. Four checks were entered on the deposit slip: $179; $50; $6,000; and $107.20. Since the bank microfilmed all four checks as well as the deposit slip, Cliggett also brought the filmed checks. In particular, the $6,000 check was marked C–10. Cliggett was asked if the $6,000 check was the item that was the $6,000 item on the deposit slip, to which she replied in the affirmative. Defense counsel objected that this was impermissible opinion evidence.

We note at the outset that the original check brought to court by Mrs. Poirier was marked C–3. The bank copy of that check was the one Cliggett was asked to testify to. There was no opinion testimony elicited. What Cliggett testified was statement of fact—i.e., that the bank copy of the check was the one which was deposited in the defendant's account and appeared on his deposit slip (N.T. 2.174–2.179). 'A witness may state relevant facts known to him, because of experience, even though he is not regarded as an expert whose opinion would be admissible on a hypothetical inquiry.' *Commonwealth v. Bennett*, 471 Pa. 419, 423–24, 370 A.2d 373, 375 (1977) quoting *Commonwealth v. Harris*, 186 Pa.Super. 59, 63, 140 A.2d 344, 345 (1958). See also *Commonwealth v. Worrell*, 277 Pa.Super. 386, 419 A.2d 1199 (1980).

Lower Court Opinion, at 26–27. Accordingly, we find no error in the trial court's ruling.

■ The appellant also contends that the trial court erred in admitting photocopies of the microfilm record of the deposit slip. It is his assertion that this admission violated the "Best Evidence Rule." We note that this issue was not included in the appellant's post-verdict motions. Consequently, it has been waived. Pa.R.Crim.P. 1123.

The appellant has also asserted that trial counsel was ineffective in not objecting to the admission of evidence of the deposit slip. We must therefore review the issue within the ineffectiveness context.

■ This court, in determining whether a criminal defendant was afforded effective assistance of counsel will make an independent review of the record, *Commonwealth v. Strader,* 262 Pa.Super. 166, 396 A.2d 697 (1978), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Gray,* 297 Pa.Super. 123, 443 A.2d 330 (1982). Counsel will be deemed effective if this court determines that the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney, supra; Commonwealth v. Johnson,* 280 Pa.Super. 309, 421 A.2d 737 (1980). However, where the claim concerns an issue or a motion not raised, it is only where the claim is of arguable merit that we must make an inquiry into counsel's decision not to pursue the matter. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ The so-called "Best Evidence Rule" is codified in Pennsylvania in 42 Pa.C.S.A. § 6109, which states:

§ 6109. Photographic copies of business and public records.

(a) Short title of section.—This section shall be known and may be cited as the 'Uniform Photographic Copies of Business and Public Records as Evidence Act.'

(b) General rule.—If any business institution, member of a profession or calling, or any department or agency of government, in the regular course of business or activity, has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence or event, and in the regular course of business has caused any or all of the same to be recorded, copied or reproduced by any photographic, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed, in the regular course of business, unless its preservation is required by law. Any such reproduction in order to comply with this section must accurately reproduce all lines and markings which appear on the original. Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding, whether the original is in existence or not, and an enlargement or facsimile of such reproduction is likewise admissible in evidence if the original reproduction is in existence and available for inspection under direction of the tribunal. The introduction of a reproduced record, enlargement or facsimile does not preclude admission of the original.

The appellant concedes that under 42 Pa.C.S.A. § 6109 the photocopy of the microfilmed deposit ticket is admissible. This is undeniable especially since Mrs. Cliggett testified that it would be necessary to bring in not only the microfilm, but also a microfilm viewing machine from the bank. Counsel, instead, asserts that the Commonwealth failed to link the photocopier to the microfilm because Mrs. Cliggett testified that she herself did not make the copies. This contention is without merit since Mrs. Cliggett was found by the trial court to be qualified as the record custodian of Girard Bank. The Uniform Business Records as Evidence Act, 42 Pa.C.S.A. § 6108, states:

(b) General Rule.—A record of an act, condition or event shall insofar as relevant, be competent evidence if

the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

Mrs. Cliggett was properly found by the trial court to be a qualified record custodian. Moreover, she testified that, at the end of each day, the tellers would microfilm their work; the deposit ticket and the checks listed thereon being filmed in sequence. (N.T. April 30, 1981, at 2.151–2.153, 2.161). This microfilm is stored in bank records. (N.T. April 30, 1981, at 2.153–2.154). The copies from which Mrs. Cliggett testified were those which had been prepared at her direction. (N.T. May 1, 1980, at 3.56–3.58). We believe that the requirements of both § 6108 and § 6109 have been met. *In Re Estate of Indyk*, 488 Pa. 567, 413 A.2d 371 (1980). Therefore, the appellant's trial counsel cannot be found ineffective because the objection to the records would have been without arguable merit.

In any event, we would find that counsel had a reasonable basis for not objecting since it appears that he chose not to object, and instead attempted to derogate from the witness' credibility and the veracity of the records. Thus, we find no ineffectiveness on the part of trial counsel.

 The appellant's final claim is that he was denied a fair trial "by having to defend a multiplicity of theft charges although he was alleged to have committed a single theft." We again note that the issue is not presented in appellant's post-verdict motions as required by Pa.R.Crim.P. 1123(b), and so it is not preserved for our review.

 However, the appellant has once again asserted counsel's ineffectiveness in failing to preserve the issue. Thus, we must review counsel's actions under the standard previously stated. We conclude that there is no claim of

arguable merit presented and therefore counsel was not ineffective.

It goes almost without saying that an accused may be charged, tried and found guilty of several offenses but one criminal act. Indeed, 'prosecutors generally offer the jury a smorgasbord of offenses.' *Commonwealth v. Artis*, 294 Pa.Super. 276, 282, 439 A.2d 1199, 1201 (1982). However, it is equally well established that 'the imposition of two *sentences* under the guise of two offenses, where only one act was the basis for charge and sentence, is unlawful....' *Id.*, 294 Pa.Superior Ct. at 281, 439 A.2d at 1201 (emphasis added). The constitutional prohibition against double jeopardy not only bars successive prosecutions for a single criminal act, but it also forbids multiple punishments for the same offense. *Commonwealth v. Bolden*, 472 Pa. 602, 618, 373 A.2d 90, 97–98 (1977). So also, the doctrine of merger ' "prevents double punishment for a lesser offense when it is a necessary ingredient of the greater offense for which the defendant has also been indicted convicted and punished" ' *Commonwealth v. Cavanaugh*, 278 Pa.Super. 542, 545–546, 420 A.2d 674, 675–676 (1980) quoting *Commonwealth v. Nelson*, 452 Pa. 275, 280, 305 A.2d 369 371 (1973) (Nix, J., concurring and dissenting).

*Commonwealth v. Laing*, 310 Pa.Super. 105, 456 A.2d 204 (1983). Thus, we perceive no ineffectiveness in the trial court's failure to object to the multiple theft charges upon which the appellant was tried. The issue of whether counsel was ineffective for not requesting merger of sentence is not before us.

Judgment of sentence for forgery and theft by failure to make required disposition of funds received is affirmed. Judgment of Sentence for theft by unlawful taking and theft by deception is vacated.

McEWEN, J., files concurring statement.

McEWEN, Judge, concurring:

However extended the pause and however concerned the reflection caused by a harsh sentence, this court is powerless to alter the terms of the sentence. With delivery of that observation, I join in the fine opinion of my esteemed colleague, Judge Frank J. Montemuro, Jr.