J. A25012/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

JAMES N. DENNIS,                         :         IN THE SUPERIOR COURT OF
                                         :                PENNSYLVANIA
                    Appellant            :
                                         :
             v.                          :
                                         :         No. 467 MDA 2016
JOHN L. PALMAN AND                       :
SHERRY I. PALMAN                         :


Appeal from the Judgment Entered May 6, 2016,
in the Court of Common Pleas of York County
Civil Division at No. 2014-SU-000667-04


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., AND STEVENS, P.J.E.*


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 24, 2017**

James N. Dennis appeals from the May 6, 2016 judgment entered in favor of appellees, John L. Palman and Sherry I. Palman, in this ejectment action. After careful review, we affirm.

The trial court set forth the relevant "findings of fact" of this case as follows:

> 1.   [Appellant] is the owner of lot 13 on a Plan of Lots of "Hilltop" in Shrewsbury Township, York County being named and numbered as 379 Hilltop Court, New Freedom, Pennsylvania 17349. [Appellant] and his former wife originally became owners of the property by deed recorded in York County Deed Book 67-V beginning at page 637.

---

* Former Justice specially assigned to the Superior Court.

2. [Appellees] are owners of the property known as lot 14 on a Plan of Lots of "Hilltop" in Shrewsbury Township, York County being named and numbered as 347 Hilltop Court, New Freedom, Pennsylvania 17349 pursuant to the deed dated August 1, 1976 and recorded in York County deed book 69-1 beginning on page 472.

3. In 1986 [appellees] installed a swimming pool on their property and a lattice wooden fence.

4. In 2001 [appellees] removed the lattice wooden fence and installed a vinyl fence with an increased perimeter from the wooden fence. The vinyl fence was installed closer to [appellant's] property line than was the wooden lattice fence.

5. In 2007 [appellant] put up a wooden fence on his property.

6. [Appellant] applied for a building permit for the wooden fence from Shrewsbury Township indicating that the fence would be two feet from the property line.

7. When [appellees] put up the new vinyl fence [appellant] told [appellees] he believed that the fence was on the property line.

8. [Appellant] planted two pine trees at the corner of his property in order to establish the property line shortly after he moved to the property in 1975.

9. [Appellant] told [appellees] the property line was the two pine trees.

10. Both [appellant] and [appellees] treated the property line as being indicated by the two pine trees.

11. [Appellant] told [appellees] he put the wooden fence installed in 2007 one foot inside [appellant's] property line.

12. [Appellant] and [appellees] both treated the pine trees as being the property line.

13. [Appellees] maintained the land up to the pine trees.

14. [Appellant] raised no issue with regard to the disputed property line until approximately 2013 and [appellant] then had the property surveyed.

15. The [trial c]ourt determined that [t]he testimony of [appellee,] John L. Palman [("appellee Palman"),] was credible.

Trial court opinion, 12/22/15 at 1-3.[1]

On February 27, 2014, appellant filed an ejectment action against appellees, alleging that the vinyl fence they installed in 2001 encroached upon his property and requesting that the trial court compel them to remove the fence. (*See* Complaint Upon an Action in Ejectment, 2/27/14 at 5, ¶¶ 12-14.) On March 17, 2014, appellees filed an answer and new matter averring, *inter alia*, that "[a] common boundary line between [the parties'] properties has been established by the doctrine of consentable line." (Answer to Complaint with New Matter, 3/17/14 at 6, ¶ 24.) Appellant filed a reply on April 4, 2014. On November 23, 2015, the parties proceeded to a

---

[1] We note that the trial court's December 22, 2015 opinion does not contain pagination. For ease of discussion, we have assigned each page a corresponding page number.

bench trial before the Honorable Steven P. Linebaugh. Thereafter, on December 22, 2015, the trial court entered an order establishing the common boundary line between the parties' respective properties as the "line running through the center of [the] two pine trees" in question. (Trial court order, 12/22/15 at ¶ 1.) This order was accompanied by a comprehensive, four-page opinion wherein the trial court held that "[t]he doctrine of consentable line has been established by [appellees]." (Trial court opinion, 12/22/15 at 3.)

Appellant filed a motion for post-trial relief, which was denied by the trial court on February 26, 2016. On March 21, 2016, appellant filed a notice of appeal. On March 29, 2016, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed his timely Rule 1925(b) statement on April 18, 2016. Thereafter, on April 20, 2016, the trial court filed a Rule 1925(a) opinion indicating that its December 22, 2015 opinion and order adequately disposed of all of appellant's issues. (Rule 1925(a) opinion, 4/20/16 at 2.)

On May 2, 2016, this court entered an order indicating that "final judgment has not been entered on the trial court docket as required by Pa.R.A.P. 301[.]" (*Per curiam* order, 5/2/16.) We directed appellant to praecipe the trial court to enter final judgment and file with the Prothonotary a certified copy of the trial court docket reflecting the entry of said

judgment. (*Id.*) On May 6, 2016, judgment was entered in favor of appellees.[2]

Appellant raises the following issues for our review:

1. Whether the [t]rial [c]ourt erred as a matter of law in determining that both parties recognized and acted as if the property line was established by the pine trees[?]

2. Whether a finding that the parties recognized and acted as if a property line was established by the pine trees was against the weight of the evidence established at trial[?]

3. Whether the [trial c]ourt erred as a matter of law in determining that [appellees] presented sufficient evidence to prove a consentable line[?]

Appellant's brief at 4. The record reflects that appellant has presented these issues in a slightly different order in the "Argument" section of his appellate brief. (*See* appellant's brief at 9-19.) Thus, we will address each issue accordingly.

---

[2] Appellant's March 21, 2016 notice of appeal indicated that he was appealing from the February 26, 2016 order denying his motion for post-trial relief. However, an appeal from an order denying post-trial motions is interlocutory. *See* Pa.R.A.P. 301(a), (c), and (d). Following appellant's compliance with Rule 301, his notice of appeal was treated as filed after the entry of judgment. *See* Pa.R.A.P. 905(a)(5) (stating, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof[]"); *Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.*, 77 A.3d 1, 3 (Pa.Super. 2013) (stating, "even though the appeal was filed prior to the entry of judgment, it is clear that jurisdiction in appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment[]").

Preliminarily, we note that

> [o]ur appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.

***Wyatt Inc. v. Citizens Bank of Pennsylvania***, 976 A.2d 557, 564 (Pa.Super. 2009) (citations omitted).

We begin by addressing appellant's claims that the trial court erred in concluding that the boundary line between the parties' respective properties was established by the doctrine of consentable line. (Appellant's brief at 9.)

> The doctrine of consentable line is a rule of repose for the purpose of quieting title and discouraging confusing and vexatious litigation. There are two ways in which a boundary may be established through consentable line: (1) by dispute and compromise, or (2) by recognition and acquiescence. As the **en banc** court explained in **Niles** [***v. Fall Creek Hunting Club, Inc.***, 545 A.2d 926, 930 (Pa.Super. 1988) (**en banc**)], the doctrine of consentable line is a separate and distinct theory from that of traditional adverse possession, although both involve a twenty-one year statute of limitation. Under the doctrine of consentable line,
>
>> [i]f adjoining landowners occupy their respective premises up to a certain line[,] which they mutually recognize and acquiesce

> in for the period of time prescribed by the statute of limitations, they are precluded from claiming that the boundary line thus recognized and acquiesced in is not the true one.
>
> The establishment of a consentable line is not a conveyance of land within the meaning of the Statute of Frauds because no estate is thereby created. Therefore such a line may be initiated by oral agreement and proved by parol evidence.

*Plauchak v. Boling*, 653 A.2d 671, 675 (Pa.Super. 1995) (citation formatting corrected; footnote and some citations omitted).

Appellant first contends that the pine trees in question, which were planted on the corners of his property in 1976 and located 193 feet away from each other, were legally insufficient, as a matter of law, to prove a consentable line. (Appellant's brief at 9-14.) In support of this claim, appellant avers that "[t]here is no physical line in the manner of a fence or hedge row[,]" and that "the distance between these two pine trees is too great to **clearly establish** a property line as required by law." (*Id.* at 12 (emphasis in original).) We disagree.

This court has continually recognized that under the doctrine of consentable line, "it is not necessary that the boundary line be substantial." *Jedlicka v. Clemmer*, 677 A.2d 1232, 1235 (Pa.Super. 1996) (citation omitted). Although the majority of cases in this Commonwealth that address the doctrine of consentable line involve a dispute over the location

of a fence or similar physical barrier,[3] there is no specific requirement that a consentable boundary line be marked by a fence. *See Sorg v. Cunningham*, 687 A.2d 846, 849-850 (Pa.Super. 1997) (holding that the evidence was sufficient to establish a consentable boundary line along row of pine trees); *Niles*, 545 A.2d at 930-931 (holding that the evidence was sufficient to establish that a survey line had become binding, consentable boundary line between two adjoining landowners); *Jedlicka*, 677 A.2d at 1233-1235 (holding that the evidence was sufficient to establish a consentable boundary marked with metal spikes and pins, an old rail fence, rocks, and large maple trees). Accordingly, appellant's contention that the two pine trees in question were legally insufficient to prove a consentable line is meritless.

Appellant next challenges the trial court's determination that appellees established a consentable line by recognition and acquiescence. Specifically, appellant contends that there was insufficient evidence to support the trial court's determination "that the parties acquiesced to the property line being established at the pine trees for a period of 21 years." (Appellant's brief at 14.) For the following reasons, we disagree.

---

[3] *See*, *e.g.*, *Zeglin v. Gahagen*, 812 A.2d 558, 559 (Pa. 2002) (fence and hedge row); *Corbin v. Cowan*, 716 A.2d 614, 617 (Pa.Super. 1998), *appeal denied*, 740 A.2d 233 (Pa. 1999) (fence); *Schimp v. Allaman*, 659 A.2d 1032, 1034 (Pa.Super. 1995) (fence); and *Inn Le'Daerda, Inc. v. Davis*, 360 A.2d 209, 214-215 (Pa.Super. 1976) (fence).

As discussed, the "the establishment of a boundary line by acquiescence for the statutory period of twenty-one years has long been recognized in Pennsylvania" to quiet title and discourage vexatious litigation. *Zeglin*, 812 A.2d at 561; *see also Corbin*, 716 A.2d at 617.

In *Moore v. Moore*, 921 A.2d 1 (Pa.Super. 2007), *appeal denied*, 934 A.2d 1278 (Pa. 2007), a panel of this court set forth the requirements for establishing a consentable line by acquiescence.

> Acquiescence, in the context of a dispute over real property, denotes passive conduct on the part of the lawful owner consisting of failure on his part to assert his paramount rights or interests against the hostile claims of the adverse user. A determination of consentable line by acquiescence requires a finding **1) that each party has claimed the land on his side of the line as his own and 2) that he or she has occupied the land on his side of the line for a continuous period of 21 years**. . . . [W]hen a consentable line is established, the land behind such a line becomes the property of each neighbor regardless of what the deed specifies. In essence, each neighbor gains marketable title to that land behind the line, some of which may not have been theirs under their deeds.

*Id.* at 5 (citations and internal quotation marks omitted; emphasis added).

Herein, our review of the record reveals sufficient evidence to support the trial court's determination that the boundary line in question had become a binding consentable line by recognition and acquiescence. The trial court determined that the "line running through the center of [the] two pine trees" marked the common boundary between the parties' respective properties. (Trial court order, 12/22/15 at ¶ 1.) The record reflects that both parties

claimed at least the land on their respective sides of the trees. At trial, appellant acknowledged planting two pine trees at each corner of his property "a few feet" from the line in 1976, and thereafter maintaining his land. (Notes of testimony, 11/23/15 at 5-6.) The trial court found that both parties exclusively maintained their property up to and not beyond said pine trees. (***See*** trial court opinion, 12/22/15 at 2, finding of fact no. 10 (stating that, "both [parties] treated the property line as being indicated by the two pine trees.").)

We must now determine whether the land in question has been occupied for a continuous period of 21 years. The record reflects that appellant has owned his property for over 40 years, having purchased it in 1973. (Notes of testimony, 11/23/15 at 4.) Appellees, in turn, purchased their property in August 1976. (***Id.*** at 4, 39.) The record further indicates that the two pine trees in question have existed near the parties' common boundary line since 1976. (***Id.*** at 6.) According to appellee Palman, whom the trial court found to be credible, he maintained and occupied the property up to the pine trees since 1976. (***Id.*** at 40; ***see also*** trial court opinion, 12/22/15 at 2, findings of fact nos. 9, 13, 15.) This maintenance primarily included mowing, weeding, and mulching the area up to the tree line. (Notes of testimony, 11/23/15 at 54, 56-57.) The trial court found that appellant told appellees on multiple occasions that the common property boundary line was marked by the two pine trees. (Trial court opinion,

12/22/15 at 2, findings of fact nos. 7, 9; **see also** notes of testimony, 11/23/15 at 39-40, 69.) The trial court further found that appellant did not dispute the boundary line until 2013, 37 years after he planted the pine trees, by having the property surveyed and informing appellees that the fence appellees installed in 2001 was one foot inside his property line. (Trial court opinion, 12/22/15 at 2-3; findings of fact nos. 11, 14; notes of testimony, 11/23/15 at 58.)

Based upon the credibility determinations made by the trial court, which are supported in the record, as well as a careful review of the relevant case law, we conclude that the trial court did not abuse its discretion in determining the "line running through the center of [the] two pine trees" marked the consentable boundary line between the parties' respective properties.

We now turn to appellant's claim that the trial court's determination that "the parties recognized and acted as if a property line was established by the pine trees is against the weight of the evidence." (Appellant's brief at 17-19.)

"[A]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Phillips v. Lock**, 86 A.3d 906, 919 (Pa.Super. 2014) (citations omitted). This court has long recognized that "[i]n a non-jury trial, the factfinder is free to believe all, part, or none of the

evidence, and [this c]ourt will not disturb the trial court's credibility determinations." ***Voracek v. Crown Castle USA Inc.***, 907 A.2d 1105, 1108 (Pa.Super. 2006). "The trial court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence." ***Shaffer v. O'Toole***, 964 A.2d 420, 422-423 (Pa.Super. 2009), ***appeal denied***, 981 A.2d 220 (Pa. 2009) (brackets omitted).

Here, the trial court, sitting as fact-finder, specifically found the testimony of appellee Palman credible, and elected not to believe appellant's version of the events. (***See*** trial court opinion, 12/22/15 at 3, finding of fact no. 15.) Contrary to appellant's desire to have us do so, we are precluded from reweighing the evidence and substituting our judgment for that of the fact-finder. Accordingly, appellant's weight claim must fail.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/24/2017</u>