J-A12033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON AARON MACKEL, | |
| Appellant | No. 1341 WDA 2016 |

Appeal from the Order September 8, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015783-2014

BEFORE:  OLSON, SOLANO and RANSOM, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 29, 2017**

Appellant, Jason Aaron Mackel, appeals from the judgment of sentence entered on April 7, 2016, as made final by the denial of Appellant's post-sentence motion by operation of law, on September 8, 2016.  We affirm Appellant's judgment of sentence, but vacate his conviction under 75 Pa.C.S.A. § 3802(a)(1) at count 5 in view of this Court's recent decision in ***Commonwealth v. Farrow***, 2017 WL 3185316 (Pa. Super. 2017).

We briefly summarize the facts and procedural history of this case as follows.  On November 12, 2014, Appellant struck a pedestrian with his car in the Wilkinsburg section of Allegheny County, Pennsylvania.  The victim was taken to the hospital for medical treatment.  She suffered two broken legs and, at one point, required a breathing tube.  The hospital eventually released the victim to a skilled nursing facility where she died on March 28,

2015. At the time of the accident, Appellant remained on the scene until the police arrived. Appellant admitted to police that he had consumed alcohol before driving. His blood alcohol content (BAC) was .288. The Commonwealth charged Appellant with aggravated assault by vehicle while driving under the influence (DUI) of alcohol, recklessly endangering another person (REAP), DUI (highest rate of alcohol), DUI (general impairment – incapable of safe driving), DUI (general impairment – accident resulting in death of another person), and careless driving.[1]

A preliminary hearing was scheduled for November 20, 2014, but Appellant waived the preliminary hearing and was released on his own recognizance. Thereafter, the trial court held a pre-trial conference and granted several continuances for discovery. On September 28, 2015, the parties appeared before the trial court to select a new trial date and for Appellant to sign a new subpoena. At that proceeding, the trial court ordered Appellant to submit to drug and alcohol tests. Appellant tested positive for cocaine and had a BAC of .13. The trial court revoked Appellant's bond and remanded him to county jail. On October 7, 2015, Appellant filed a motion to reinstate his bond. The trial court granted the

---

[1] 75 Pa.C.S.A. § 3735.1, 18 Pa.C.S.A. § 2705, 75 Pa.C.S.A. 3802(c), 75 Pa.C.S.A. § 3802(a)(1), 75 Pa.C.S.A. § 3802(a)(1)/75 Pa.C.S.A. § 3804, and 75 Pa.C.S.A. § 3714, respectively.

request and ordered Appellant to participate in outpatient drug and alcohol rehabilitation.

On January 19, 2016, Appellant pled guilty to REAP, the DUI offenses, and careless driving. The Commonwealth withdrew the remaining aggravated assault by vehicle while DUI charge. The trial court deferred sentencing for the preparation of a pre-sentence investigation (PSI) report. On April 7, 2016, the trial court imposed an aggregate sentence of six months to one year of imprisonment, followed by 18 months of probation. More specifically, the trial court imposed an aggravated-range sentence of three to six months of imprisonment, followed by 18 months of probation for REAP. The trial court also imposed an aggravated-range sentence of three to six months of imprisonment for DUI (highest rate of alcohol) to be served consecutively to the sentence for REAP. The trial court merged Appellant's remaining DUI – general impairment convictions with his conviction for DUI – highest rate of alcohol. Finally, although the trial court found Appellant guilty of careless driving, it did not impose a further penalty.

After sentencing, Appellant orally moved for bond pending appeal. N.T., 4/7/2016, at 20-23. The trial court denied the request. *Id.* Appellant filed a petition for bail, and a subsequent addendum to that petition, with this Court on April 11, 2016 and April 20, 2016, respectively. On May 20, 2016, this Court issued an order directing the trial court to "enter a bail order pending appeal which is consistent with the bail order that was in effect prior to verdict [… or a] modif[ied] bail order pursuant to Pa.R.Crim.P.

521(D) with any conditions it deems necessary, but should not deny bail completely." Superior Court Order, 5/20/2016, at 1. On May 26, 2016, the trial court entered an order reinstating Appellant's bail under the same conditions that were in place prior to the verdict. On June 2, 2016, the trial court entered an order granting a stay of the sentence imposed pending disposition of this direct appeal.

While the bond issue was pending before this Court, Appellant filed a timely post-sentence motion with the trial court on April 14, 2016. On September 8, 2016, the Allegheny County Department of Court Records entered an order denying Appellant's post-sentence motion by operation of law. This timely appeal ensued.[2]

On appeal, Appellant presents the following issue, with three subparts, for our review:

> I. Whether the trial court committed a manifest abuse of discretion by imposing a clearly unreasonable sentence in the aggravated range when it:
>
>    A. Failed to consider [] Appellant's need for rehabilitation, a pertinent sentencing factor under 42 Pa.C.S.[A.] § 9721;
>
>    B. Impermissibly considered the socioeconomic status of [] Appellant in imposing sentence; and

---

[2] On September 9, 2016, Appellant filed a notice of appeal. By order entered on September 21, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on October 18, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 14, 2016.

> C. Providing insufficient reasons for sentencing []
> Appellant in the aggravated range where the only
> reasons offered to support an aggravated
> sentence constitute[d] "double counting" in light
> of [] Appellant's prior bond revocation.

Appellant's Brief at 1-2 (complete capitalization omitted).

Appellant claims that the trial court abused its discretion, in several respects, when it imposed aggravated range sentences in this case. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (internal citation omitted).

Here, Appellant filed a timely notice of appeal, challenged the discretionary aspects of his sentence, and included a statement in his appellate brief pursuant to Pa.R.A.P. 2119(f). Accordingly, we must consider whether Appellant raises a substantial question to implicate our review. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Id.* (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific

provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted). We previously determined that the failure to set forth adequate reasons on the record, pursuant to 42 Pa.C.S.A. § 9721(b), to justify an aggravated range sentence raises a substantial question. *Id.; see also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding that "an excessive sentence claim – in conjunction with an assertion that the trial court failed to consider mitigating factors – raises a substantial question."). We have also concluded that a claim that the trial court double-counted factors already considered in the sentencing guidelines, as the reason for imposing a lengthy sentence, raises a substantial question. *See Commonwealth v. Rush*, 2017 WL 1955302, at *10 (Pa. Super. 2017) (citation omitted). As such, we proceed to the merits of all three sub-parts of Appellant's claim.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (citation omitted).

"[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of

- 6 -

the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court is required also to consider the sentencing guidelines. *See Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016). When the challenged sentence is within the sentencing guidelines, we may only vacate a sentence where the application of the guidelines would be clearly unreasonable. *Id.*, *citing* 42 Pa.C.S.A. § 9781(c)(2). Here, Appellant received a sentence within the aggravated range of the guidelines, thus, we may only vacate his sentence if it was clearly unreasonable. *Id.*

In his first issue presented, Appellant claims the trial court failed to consider his rehabilitative needs and the imposition of a term of incarceration ran counter to his recovery for drug and alcohol addiction. Appellant's Brief, at 19-22. Appellant argues that "[a]s a court-mandated condition of [his bond] reinstatement, [he] was required to participate in a drug rehabilitation program" and, thus, he posits that "[i]t is contradictory for the sentencing court, on the one hand, to note that [] Appellant has an addiction and is making strides on it, and, then, on the other hand, to yank him from the system built to maintain his sobriety and incarcerate him." *Id.* at 20-21.

Initially, we note that "[w]here a PSI exists, we presume that the trial court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A PSI constitutes the record and speaks for itself." *Bonner*, 135 A.3d at 605

(original brackets and citation omitted). Here, the trial court was provided with a PSI and we presume the trial court was aware of the relevant information therein.

Moreover, upon further review of the certified record, we discern no abuse of discretion in considering Appellant's rehabilitative needs when imposing Appellant's sentence. The trial court determined that incarceration was necessary because Appellant appeared for a court proceeding, nine months after the incident at issue, under the influence of alcohol and cocaine. *Id.* at 15, 20. Although this was also the reason for the revocation of his bond, it was also proper for the trial court to consider as a factor under Section 9721, since the episode underscored the continuing danger Appellant posed to society.

Next, Appellant "contends that the sentence imposed by the trial court was the product of partiality, bias or ill-will toward [] Appellant, as indicated vis-à-vis the court's remarks about [his] socioeconomic status." Appellant's Brief, at 22. Citing specific statements made by the trial court at sentencing, Appellant maintains the sentencing court "indicated its belief that [] Appellant, due to his financial position, inhibited the Commonwealth's ability to prosecute its case and held this against [him,]" "simply because [he] employed the services of an expert witness[.]" *Id.* at 22-23.

At the start, we recognize that the trial court, in fact, commented directly on Appellant's ability to retain a private defense expert. N.T., 4/7/2016, at 14. However, the trial court made the comments in response

to the Commonwealth's recitation of reasons for withdrawing the most serious offense against Appellant, the aggravated assault charge. *See id.* at 12-14. While we find that remarking upon Appellant's ability to retain an expert was intemperate,[3] we conclude the trial court's comments did not show bias in sentencing Appellant. On this issue, the trial court also made intemperate remarks to the Commonwealth, saying it "lacked common sense" and was "toothless in [its] prosecution." *Id.* at 14. In balancing the entire exchange between the parties and the trial court, we conclude that the trial court was merely commenting on the fact that it believed that standard range sentences for DUI and REAP were too lenient in this matter, because Appellant struck the pedestrian victim who later died. *Id.* at 12. The trial court simply did not punish Appellant based upon his socio-economic status.

_____

[3] Although a judge's remark may be characterized as intemperate in nature, that remark alone cannot establish bias or partiality. *See Corbin v. Cowan*, 716 A.2d 614, 619 (Pa. Super. 1998). We remind the trial court that "[a] judge should not employ hostile or demeaning words in opinions or in written or oral communications with lawyers, parties or witnesses." Pa. Code of Civility, Art. I (5). A trial court judge should not comment "upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so." Pa. Code of Judicial Conduct Rule 2.3(B). Moreover, "[a] judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, court staff, court officials, and others with whom the judge deals in an official capacity[.]" Pa. Code of Judicial Conduct Rule 2.8.

Finally, Appellant contends that the trial court "double counted" two sentencing factors that were already contemplated by the sentencing guidelines when imposing his aggravated sentence. Appellant's Brief, at 26-28. Appellant claims that the sentencing court erred in considering his BAC when fashioning an aggravated sentence since the Motor Vehicle Code already imposes an enhanced mandatory minimum punishment for individuals whose BAC levels are in violation of the highest of three sentencing tiers. *Id.* at 27-28. Appellant also argues that he "was doubly punished for the same act – violating the conditions of his bond" when "the trial court revoked [his] bond and remanded him to jail, released him from jail, and then, because of the violation, sentenced him to jail, again."[4] *Id.* at 28.

When deciding whether a court has improperly based an aggravated sentence on a factor that is already considered by the sentencing guidelines, we have stated:

> [T]he guidelines were implemented to create greater consistency and rationality in sentencing. The guidelines accomplish the above purposes by providing a norm for comparison, *i.e.,* the standard range of punishment, for the panoply of crimes found in the crimes code and by providing a scale of progressively greater punishment as the gravity of the offense increases....

---

[4] As set forth above in our discussion pertaining to Appellant's rehabilitative needs, we conclude that the trial court permissibly considered Appellant's intoxication at a prior proceeding as warranting incarceration.

- 10 -

> The provision of a "norm" also strongly implies that deviation from the norm should be correlated with facts about the crime that also deviate from the norm for the offense, or facts relating to the offender's character or criminal history that deviates from the norm and must be regarded as not within the guidelines contemplation. Given this predicate, simply indicating that an offense is a serious, heinous or grave offense misplaces the proper focus. The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather, upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration.

*Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006) (citation omitted). Moreover, "[a]n aggravated range sentence [is] justified to the extent that the individual circumstances of [the defendant's] case are atypical of the crime for which [the defendant] was convicted, such that a more severe punishment is appropriate." *Id.* The *Fullin* Court affirmed an aggravated range sentence because the trial court justified the sentence by opining on "the extreme indifference for the consequences of [the defendant's] actions and because of the extreme nature of the harm to the victim." *Id.* at 849 (citation omitted).

We conclude that the trial court did not "double-count" sentencing factors when fashioning Appellant's term of incarceration. The trial court justified Appellant's aggravated sentences because this case did not involve the typical or normal case of DUI or REAP. Furthermore, Appellant was intoxicated, over three times the legal limit, when he struck the victim with such force that "she went 50 feet from the point of impact" and then Appellant's car "skidded 22 feet." *Id.* at 8. The trial court further

- 11 -

recognized that Appellant was so intoxicated that he did not render aid and could not retrieve his information when police arrived. *Id.* at 14. Furthermore, the victim ultimately died. This clearly was not a typical DUI or REAP case. As such, under the facts of this matter, Appellant's aggregate sentence of six months to one year of imprisonment, followed by 18 months of probation, was reasonable. Accordingly, we discern no abuse of discretion in sentencing Appellant.[5]

DUI (general impairment – incapable of safe driving) conviction vacated. Judgment of sentence, as amended, affirmed.

---

[5] Finally, we recognize that Appellant's convictions for DUI (general impairment – incapable of safe driving) and DUI (general impairment – accident resulting in death of another person) arose from a single criminal act in violation of the same criminal statute. This Court recently held that such a scenario constitutes a violation of the protection against double jeopardy under the United States and Pennsylvania Constitutions. *See Farrow*, 2017 WL 3185316. This is so despite the fact that Appellant's DUI – general impairment convictions merged for sentencing purposes because of the "significant collateral consequences" including, *inter alia*, "unwarranted enhancement of [] prior record score (or prior DUI offense history) in subsequent criminal proceedings and unjustified impediments to restoration of [] driving privileges." *Id.* at *8. Hence, we vacate Appellant's conviction for DUI (general impairment – incapable of safe driving) pursuant to 75 Pa.C.S.A. § 3802(a)(1) as set forth at count 5 of the criminal information. *Id.* Because we can vacate the DUI (general impairment – incapable of safe driving) conviction without disturbing the overall sentencing scheme, we need not remand. *See Commonwealth v. Lomax*, 8 A.3d 1264, 1268 (Pa. Super. 2010) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2017