J-A02013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT GARTNER | : | |
| | : | |
| Appellant | : | No. 438 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000222-2023

BEFORE:  KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: April 21, 2025**

Robert Gartner appeals from the judgment of sentence imposed after he pled guilty to driving under the influence ("DUI") and fleeing or attempting to elude a police officer.[1]  He primarily challenges the discretionary aspects of his sentence.   Additionally, Gartner's counsel asked to withdraw from representation and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition and affirm the judgment of sentence.

Gartner was arrested on January 21, 2023.  At that time, Gartner was riding an electric bicycle and committed various moving violations.  Police attempted to stop him but were unable to do so.  Police followed him until he crashed and fled on foot.  Once detained, the police observed signs of

---

[1] 75 Pa.C.S.A. § 3802(d) and 18 Pa.C.S.A. 3733(a)

impairment. A blood test revealed a BAC of .189, and the presence of THC, amphetamine, and methamphetamine. Gartner was incarcerated and did not post bail.

On April 6, 2023, Gartner filed a motion to modify bail and request a furlough, so that he could work and attend his long-time partner's funeral. The trial court denied both requests. In July 2023, Gartner was given house arrest to take care of issues related to his home.

On December 12, 2023, Gartner pled guilty to the aforementioned offenses. On January 31, 2024, the trial court sentenced Gartner to 18 months to 60 months' incarceration for the DUI, with 221 days of credit for time served, and 9 to 24 months' incarceration for the fleeing conviction, to run concurrent to the DUI sentence. Gartner filed a post-sentence motion. On March 22, 2024, the court vacated its original sentence and imposed a new sentence of 14 to 60 months' incarceration for DUI. In all other respects, the sentence remained the same.

Gartner filed this timely appeal. He and the court complied with Appellate Rule 1925. Counsel filed an *Anders* brief with this Court and a petition to withdraw.[2] Gartner did not retain independent counsel or file a *pro se* response to the *Anders* brief.

---

[2] We note that when counsel intends to file an *Anders* brief and ask this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review

of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an **Anders** brief and a petition for leave to withdraw. Further, the **Anders** brief substantially comports with the requirements set forth by our Supreme Court in **Santiago**.[3] Additionally, counsel sent a letter to Gartner indicating counsel's intention to seek permission to withdraw and advising Gartner of his right to proceed *pro se* or retain new counsel and file additional points he deems worthy of the Court's consideration.[4] Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will review the issues raised by counsel to determine whether Gartner's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that he considered several issues that Gartner could potentially raise, and that Gartner wishes to raise on appeal, which we have reordered for ease of disposition:

––––––––––––––––––––––––––––––––––

[3] This is a generous reading of the very sparse **Anders** brief. Nevertheless, we decline to have counsel resubmit his brief to correct the deficiencies when this would serve no purpose other than to delay resolution of this appeal and waste judicial resources. **See e.g. In re Adoption of V.G.**, 751 A.2d 1174, 1178 (Pa. Super. 2000). Because Gartner's issues are patently frivolous, we will address the merits of Gartner's issues.

[4] We note there were several issues with counsel's **Millisock** letter advising Gartner of his rights and proof of service of the petition to withdraw and the **Anders** brief. Following this Court's order, counsel submitted a compliant letter. Further, the certificate of service attached to the petition and brief indicate that Gartner was served via "jail mail." Thus, we will address Gartner's issues.

1. Did the court lack jurisdiction?

2. Was the plea unlawfully induced and made involuntarily and unknowingly?

3. Was the sentence illegal?

4. Whether the trial court abused its discretion when it imposed an excessive sentence and failed to consider Gartner's age?

5. Did the trial court make an inappropriate comment at sentencing?

6. Was counsel for [Gartner] ineffective?

Anders Brief at 7, 10-21.

The first issue relates to the jurisdiction of the court. As counsel observes, there is nothing to suggest that the trial court did not have jurisdiction. *Anders* Brief at 16-17.

Our review of the record shows that Gartner's crimes herein were committed in Crawford County. A court has jurisdiction unless the crime is committed outside the county where the defendant is tried. *Commonwealth v. Tarsnane*, 85 A.2d 606, 607 (Pa. Super. 1952) (citing *Commonwealth v. Mull*, 175 A. 418 (Pa. 1934). There is no dispute that Gartner's crimes were committed in Crawford County. Additionally, because Gartner pled guilty, the jurisdiction of the court is admitted, as is the crime. *Commonwealth ex rel. Ritchey v. McHugh*, 151 A.2d 659, 662 (Pa. Super. 1959). Consequently, we agree that this issue is frivolous.

The second issue relates to the validity of Gartner's plea. As counsel observes, Gartner does not question the validity of his plea. *Anders* Brief at 15-16.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013); Pa.R.Crim.P. 720. Failing to do so generally results in the waiver of the issue on appeal. *Lincoln*, 72 A.3d at 610.

Upon review of the record, we observe that Gartner did not object at either time. This is consistent with Gartner's indication that he had no issue with his plea. Therefore, this issue is waived. Further, because it is waived, it is frivolous under *Anders*. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888–89 (Pa. Super. 2016); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous.").

The third issue relates to the legality of Gartner's sentence. As counsel indicates, Gartner's sentence was legal. *Anders* Brief at 10-15.

A general definition of an illegal sentence is one that exceeds the jurisdiction or power of the sentencing court to impose. *See Commonwealth v. Vasquez*, 744 A.2d 1280, 1284 (Pa. 2000) ("When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction."). "The two most basic and classic examples of an illegal sentence are sentences that exceed the statutory maximum and a sentence imposed by a court without jurisdiction." *Commonwealth v. Tobin*, 89 A.3d 663, 668 (Pa. Super. 2014)

*Id.* "Other legality of sentence issues include the failure to grant appropriate credit for time served, violations of the minimum-maximum sentencing requirement, merger claims, imposing a sentence absent jurisdiction, [and] the prohibition against cruel and unusual punishment. . . ." *Id.* at 669 (citations omitted).

Here, Gartner was sentenced to 14 to 60 months' incarceration. The convictions for DUI and fleeing were graded as first and second-degree misdemeanors respectively. Therefore, the statutory maximums were 5-and 2-years' incarceration. The trial court imposed both sentences within the applicable statutory maximums. Further, Gartner's minimum sentence was not more than half of the maximum sentence. The sentences did not merge.

Additionally, we observe that Gartner received 221 days credit for time served. As counsel notes, Gartner does not dispute the accuracy of this calculation. *Anders* Brief at 11.

Lastly, and specifically in relation to the third issue, Gartner claims that the trial court did not consider certain motions he raised including a request for a furlough and a bail reduction. *Anders* Brief at 7, 12-13-14. Counsel has identified this as a claim of cruel and unusual punishment and, therefore, an illegal sentence. *Id.* at 12-13. According to Gartner, the trial court erred in refusing to grant him a furlough when his long-term partner passed away from cancer; because he was denied the ability to say goodbye to her, this constituted "enough punishment." *Id.* at 7, 12. Gartner further maintains

that this was compounded by the court's refusal to grant him a bail reduction. *Id.* at 14.

The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. "[T]he Eighth Amendment's protection against excessive or cruel and unusual punishment flows from the basic 'precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense.'" *Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008) (quoting *Weems v. United States*, 217 U.S. 349, 367 (1910)). "[T]he guarantee against cruel punishment contained in the Pennsylvania Constitution, Article 1, Section 13, provides no broader protections against cruel and unusual punishment than those extended under the Eighth Amendment to the United States Constitution." *Commonwealth v. Lankford*, 164 A.3d 1250, 1252 (Pa. Super. 2017) (citation omitted). "The Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather, it forbids only extreme sentences that are grossly disproportionate to the crime." *Id.*

First, we observe that Gartner's bail was set at $5,000. This is not excessive given his crimes. Further, as counsel noted, eventually, Gartner was released from jail and placed on house arrest.

Additionally, as discussed below, Gartner's sentence was not excessive. Furthermore, as counsel notes there is nothing to suggest that the court's denial of Gartner's request for a furlough was the "unnecessary and wanton

inflition of pain" by the court. **Anders** Brief at 14. Rather, as the trial court pointed out, Gartner himself caused the circumstances that prevented him from attending the funeral. **See** N.T. 1/31/24, at 8. Thus, the loss or suffering he incurred could not properly be attributed to the court.

This issue is frivolous.

The fourth issue relates to the discretionary aspects of Gartner's sentence. Gartner claims that he "has been punished enough" and that "he is too old for this sentence." **Anders** Brief at 7. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013)).

Gartner filed his appeal timely and preserved this issue. However, upon review of the record, we observe that Gartner did not include a Rule 2119(f) statement in his brief. Nevertheless, we may ignore such defect in cases

where counsel seeks leave to withdraw. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661(Pa. Super. 2015) (noting where counsel has filed an *Anders* brief, this court has reviewed discretionary sentencing claim, even absent a separate Rule 2119(f) statement). Accordingly, we must determine whether Gartner raises a substantial question.

Here, Gartner essentially claims that the trial court abused its discretion by imposing an excessive sentence and failed to consider a mitigating factor, his age. *Anders* Brief at 7, 19.

Bald claims of excessiveness do not constitute a substantial question. *Moury*, 992 A.2d at 170. However, we have stated that an excessiveness claim, together with a claim that the court failed to consider mitigating factors, constitutes a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015). Therefore, we will consider Gartner's sentencing claim.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). Where there is an abuse of discretion, the sentence must be vacated. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

The Sentencing Code requires that when sentencing a defendant, the trial court must first consider the sentencing guidelines. 42 Pa.C.S.A. § 9721(b). The court also must consider "the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Finally, before imposing a sentence of total confinement, the court must consider "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." 42 Pa.C.S.A. § 9725.

Upon review of the record, we observe that, at sentencing, the trial court noted the sentencing guidelines for each of Gartner's offenses. N.T. 12/31/24, 2-3. Under the sentencing guidelines, the offense gravity score ("OGS") for DUI (second offense) was 5 and the OGS for fleeing was 2. Gartner's prior record was a 5. The minimum standard range sentence for DUI was 12-18 months' incarceration, minus 9 months for a mitigated sentence and plus 21 months for aggravated. The minimum standard range sentence for fleeing was 1 to 9 months' incarceration; the mitigated range was RS and the aggravated range was plus 12 months.

The trial court sentenced Gartner to 14 to 60 months' incarceration for DUI. The sentence was within the standard range, closer to the bottom, and not the top, of the standard range as the Commonwealth requested. Additionally, Gartner's sentence of 9 to 24 months' incarceration for fleeing was within the standard range, and the trial imposed this sentence concurrently to Gartner's sentence for DUI.

Additionally, counsel for Gartner highlighted for the court multiple mitigating factors including his age, work, good behavior while on house arrest, the impact his long-time partner's illness and death had on him, and the age of Gartner's criminal record. N.T., 1/31/24, at 3-5.

The court explained, however, that:

all efforts to rehabilitate [Gartner] have failed. Most alarming to the [c]ourt was that this instant DUI conviction was his 7th DUI conviction in his lifetime. That is appalling. Even though [Gartner] was 72 years-old when he was sentenced, concurrent sentences certainly in the standard range of the guidelines, were appropriate. One could argue that he deserved more prison time.

Trial Court Opinion, 5/8/24, at 2-3. It is clear that the trial court considered Gartner's age, however, the court gave greater weight to other factors. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *See Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009). Therefore, we conclude that the trial court did not abuse its discretion when it sentenced Gartner. Therefore, this issue is frivolous.

The fifth issue relates to an alleged inappropriate remark that the trial court made at sentencing. Specifically, Gartner claims that, after he argued to the court that people could change, the court stated:

I would have thought you would have changed, you know, in 1973 or '74 after you were either pled guilty or found guilty of murder in the second degree and aggravated assault. I would have thought after you served your jail sentence, that you would have never been in trouble again, but that's not the case, is it?

N.T., 1/31/24, at 8.  Gartner maintains that this statement demonstrated bias.

As counsel observed, "a judge's remark made during a hearing in exasperation at a party may be characterized as intemperate, but that remark alone does not establish bias or partiality."  **See Corbin v. Cowan**, 716 A.2d 614, 619 (Pa. Super. 1998).  Furthermore, this incident was a significant part of Gartner's criminal history, appropriately considered by the court when sentencing him.  The court further noted that rather than change after that incident and jail time, Gartner continued to engage in criminal activity and committed numerous offenses.  N.T., 1/31/24, at 8-9.  We therefore conclude that this statement did not demonstrate bias against Gartner, and therefore this issue is frivolous.

The last issue relates to the ineffectiveness of Gartner's counsel.  As appellate counsel indicates, Gartner has not raised any allegation of ineffectiveness.  **Anders** Brief at 17.

Notwithstanding this, we observe that, generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal.  **Commonwealth v. Holmes**, 79 A.3d 563, 563 (Pa. 2013).  Instead, we defer such review to petitions under the Post Conviction Relief Act[5] ("PCRA").  **Id.** Further, although the Pennsylvania Supreme Court has recognized exceptions to this rule, our review of the record indicates that they do not apply here.  **See id.**  Therefore, this claim is premature.  Additionally, there is no

---

[5] 42 Pa.C.S.A. §§ 9541–9546.

evidentiary record from which a determination could be made. Thus, any claim of ineffectiveness must be deferred to collateral review.

Based upon the foregoing, we conclude that Gartner's appeal is frivolous. Further, in accordance with **Dempster**, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Consequently, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/21/2025